**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jose Francisco REYNA–TAPIA, aka
Jose Reyna, Defendant–
Appellant.**

**No. 01–10415.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 27, 2003.

Filed May 9, 2003.

Atmore L. Baggot, Apache Junction, AZ, for the defendant-appellant.

Michael A. Rotker, United States Department of Justice, Criminal Division, Appellate Section, Washington, DC, for the plaintiff-appellee.

Before SCHROEDER, Chief Judge, B. FLETCHER, O'SCANNLAIN, T.G. NELSON, KLEINFELD, HAWKINS, TASHIMA, SILVERMAN, WARDLAW, GOULD, and RAWLINSON, Circuit Judges.

## OPINION

SILVERMAN, Circuit Judge:

"Congress intended magistrates to play an integral and important role in the federal judicial system." *Peretz v. United States,* 501 U.S. 923, 928, 111 S.Ct. 2661, 115 L.Ed.2d 808 (1991). We write to clarify the important role that magistrate judges play in conducting plea colloquies pursuant to Federal Rule of Criminal Procedure 11. We hold that Rule 11 plea colloquies involving felonies are additional duties that may be delegated to magistrate judges for findings and recommendation with defendants' consent, and that de novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.

### I. Facts and Procedural History

Reyna–Tapia unlawfully entered the United States in the mid–1980s. However, he became a lawful permanent resident ("LPR") in 1990. In 1998, Reyna–Tapia was convicted of sexual abuse of a minor, an aggravated felony. The Immigration and Naturalization Service initiated deportation proceedings against him. He was ordered removed from the United States on October 19, 1999.

On October 1, 2000, Reyna–Tapia was discovered in Arizona and charged with unlawful re-entry after deportation in violation of 8 U.S.C. § 1326(a) enhanced by § 1326(b)(2), and with violating the conditions of his supervised release that he was serving for his prior sexual abuse conviction. Reyna–Tapia entered into a written plea agreement with the government in which he agreed to plead guilty to unlawful re-entry. Reyna–Tapia, his lawyer, and an Assistant U.S. Attorney consented in writing to have the guilty plea taken by a United States Magistrate Judge, whereupon Chief District Judge Stephen M. McNamee referred the matter to Magistrate Judge Virginia A. Mathis.

Judge Mathis conducted a meticulous Rule 11 proceeding after which, with the concurrence of both parties, she made findings that the plea was knowing and voluntary, and that there was a factual basis for it. She recommended that the plea be accepted, submitted her report to Judge McNamee, and provided copies to the parties. After the expiration of the time to file objections to Judge Mathis's report, and none having been filed, Judge McNamee issued a separate order accepting Reyna–Tapia's guilty plea, and directed preparation of a pre-sentence report.[1]

---

1. The order reflects that de novo review was conducted, but it is not precisely clear from the district court's record how this was done; that is, whether by listening to a tape of the proceedings, reviewing a transcript, or employing some other method. For our purposes, it is not important how or whether de novo review was conducted because we hold that de novo review was neither required nor necessary where the defendant consented to proceed before the magistrate judge and no timely objections were filed to the magistrate judge's findings and recommendations.

When the presentence report was submitted, it reflected that Reyna–Tapia had become a LPR in 1990. Reyna–Tapia then moved to withdraw his guilty plea on the grounds that he had not lost his LPR status by virtue of having been deported, and that, even if he had, the termination of his LPR status did not comply with due process.

Judge McNamee denied Reyna–Tapia's motion for failure to show a fair and just reason. *See* Fed.R.Crim.P. 32(e). Reyna–Tapia appealed, arguing that the district court abused its discretion in denying his motion to withdraw his guilty plea, and that the district court failed to make a factual determination regarding the validity of the plea at the time of sentencing in accordance with Rule 11(f). A panel affirmed, holding that the district court did not abuse its discretion in denying Reyna–Tapia's motion to withdraw his plea, and that his due process rights had not been violated. *United States v. Reyna–Tapia*, 294 F.3d 1192, 1195–97 (9th Cir.2002).

The panel further used the case as an opportunity to clarify "whether a district court may delegate its duty to conduct a Rule 11 plea colloquy in a felony case to a magistrate judge with the defendant's consent." *Id.* at 1194. The panel held, "it may, provided the district judge reviews the record *de novo*." *Id.* We agreed to rehear the case en banc. *United States v. Reyna–Tapia*, 315 F.3d 1107 (9th Cir. 2002).

## II. Discussion

### A. Motion to Withdraw the Guilty Plea

■ We review a denial of a motion to withdraw a guilty plea for an abuse of discretion. *See United States v. Nagra*, 147 F.3d 875, 880 (9th Cir.1998). Withdrawal of a guilty plea prior to sentencing

may be granted in the district court's informed discretion if the defendant shows any fair and just reason supporting withdrawal. *See* Fed.R.Crim.P. 32(e).[2]

Reyna–Tapia asserts that his 1999 deportation did not terminate his LPR status and that, consequently, a fair and just reason to withdraw his guilty plea existed. Reyna–Tapia asserts that the district court's failure to credit his reason to withdraw was an abuse of discretion. We disagree.

■ An alien lawfully admitted to the United States for permanent residence is one who has "been lawfully accorded the privilege of residing permanently in the United States as an immigrant in accordance with the immigration laws, such status not having changed." 8 U.S.C. § 1101(a)(20) (2000). INS regulations establish that LPR status terminates upon entry of a final administrative order of deportation. *See* 8 C.F.R. § 1.1(p) (1998). In addition, we have held that LPR status terminates when an alien is deported. *See Foroughi v. INS*, 60 F.3d 570, 574 (9th Cir.1995). Furthermore, any reasonable person would know that deportation from the United States means that he or she is no longer permitted to live here. We therefore conclude that Reyna–Tapia failed to establish any fair and just reason to withdraw his guilty plea. The district court did not abuse its discretion by denying Reyna–Tapia's motion.

### B. Due Process

■ Reyna–Tapia's fall-back argument is that, if deportation terminates LPR status, he was denied due process at his deportation hearing because he was never advised that his LPR status would be lost if he was ordered deported. Aliens

---

**2.** The relevant provision of former Federal Rule of Criminal Procedure 32(e) was transferred to Federal Rule of Criminal Procedure 11(d)(2)(B) by the 2002 Amendments to the Federal Rules of Criminal Procedure.

are entitled to due process. *See United States v. Zarate–Martinez,* 133 F.3d 1194, 1197 (9th Cir.1998). A defendant charged with unlawful re-entry may collaterally challenge the underlying deportation by establishing that it was ordered in prejudicial violation of due process. *Id.*

■ The record establishes that Reyna–Tapia was given notice that the government intended to deport him based on his conviction for sexual abuse of a minor. The notice advised Reyna–Tapia that he was deportable. The district judge reviewed the record of the underlying removal proceedings and concluded that Reyna–Tapia was aware of his rights and voluntarily and intelligently consented to removal. Reyna–Tapia points to nothing in the record challenging the district court's conclusions or otherwise establishing that his due process rights were violated. We find nothing in the record supporting Reyna–Tapia's argument. We therefore conclude that Reyna–Tapia's due process rights were not violated.

### C. Authority of Magistrate Judge to Preside over Rule 11 Plea Colloquy

We turn now to Reyna–Tapia's final argument: whether magistrate judges may preside over felony plea colloquies conducted with defendants' consent pursuant to Federal Rule of Criminal Procedure 11,

and—if so—whether district court judges are required to review de novo findings and recommendations to which no objection has been filed.

#### 1. The Federal Magistrates Act

The Federal Magistrates Act, 28 U.S.C. §§ 631–39, governs the jurisdiction and authority of federal magistrates. *See* 28 U.S.C. § 636. The Act provides that certain matters (for example, non-dispositive pretrial matters) may be referred to a magistrate judge for decision,[3] while certain other matters (such as case-dispositive motions, petitions for writs of habeas corpus) may be referred only for evidentiary hearing, proposed findings, and recommendations.[4] The Act also states that a magistrate judge may be "assigned such additional duties as are not inconsistent with the Constitution and laws of the United States." 28 U.S.C. § 636(b)(3).

When a magistrate judge makes proposed findings and recommendations, a copy of the report is to be filed with the court and mailed to the parties forthwith. *See* 28 U.S.C. § 636(b)(1)(C). The Act provides a procedure by which any party can object to the magistrate judge's findings and recommendations:

> Within ten days after being served with a copy, any party may serve and file

**3.** The Act provides:

> Notwithstanding any provision of law to the contrary—a judge may designate a magistrate to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pre-trial matter under this subparagraph (A) where it has

> been shown that the magistrate's order is clearly erroneous or contrary to law.

28 U.S.C. § 636(b)(1)(A).

**4.** The Act further provides:

> [A] judge may also designate a magistrate to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A), of applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement.

28 U.S.C. § 636(b)(1)(B).

written objections to such proposed findings and recommendations as provided by rules of court. *A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.* A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate. The judge may also receive further evidence or recommit the matter to the magistrate with instructions.

28 U.S.C. § 636(b)(1)(C) (emphasis added); *see also* Fed.R.Civ.P. 72.

2. Authority to Administer Rule 11 Colloquy

█ We join every other circuit examining the question in holding that the taking of a guilty plea by a magistrate judge, with the litigants' consent, qualifies as an additional duty under § 636(b)(3). *See United States v. Torres*, 258 F.3d 791, 795–96 (8th Cir.2001); *United States v. Dees*, 125 F.3d 261, 265 (5th Cir.1997); *United States v. Ciapponi*, 77 F.3d 1247, 1250–52 (10th Cir. 1996); *United States v. Williams*, 23 F.3d 629, 633 (2d Cir.1994).

It is true that the taking of guilty pleas is not listed among the duties that can be designated to magistrate judges "to hear and determine." 28 U.S.C. § 636(b)(1)(A); *see also Dees*, 125 F.3d at 264 (for discussion). It is likewise true that the taking of guilty pleas is not listed among the duties that can be referred to magistrate judges on a recommendation-only basis. *See* 28 U.S.C. § 636(b)(1)(B). Therefore, the question comes down to whether the taking of guilty pleas is covered by the catch-all section, § 636(b)(3): an additional duty not inconsistent with the Constitution or laws of the United States. The answer depends, first and foremost, on whether the parties have consented, and secondly, on whether the additional duties "bear some relation to the specified duties" that

magistrate judges can perform. *Peretz,* 501 U.S. at 930–31, 111 S.Ct. 2661 (quoting *Gomez v. United States,* 490 U.S. 858, 864, 109 S.Ct. 2237, 104 L.Ed.2d 923 (1989)).

The importance of the parties' consent is illustrated by two Supreme Court cases. In *Gomez,* the defendant had objected to a magistrate judge conducting jury voir dire in a felony case. The Supreme Court phrased the issue on appeal as "whether presiding at the selection of a jury in a felony trial without the defendant's consent is among those 'additional duties'" that can be assigned to a magistrate judge. *Gomez,* 490 U.S. at 860, 109 S.Ct. 2237. The Court held that it was not and reversed the defendant's conviction.

Two years later, in *Peretz,* the Court affirmed the defendant's felony conviction where a magistrate judge, with the consent of the parties, had presided over jury selection. *Peretz,* 501 U.S. at 927–28, 936, 111 S.Ct. 2661. The Court explained:

> This case differs critically from *Gomez* because petitioner's counsel, rather than objecting to the Magistrate's role, affirmatively welcomed it. The considerations that led to our holding in *Gomez* do not lead to the conclusion that a magistrate's "additional duties" may not include supervision of jury selection when the defendant has consented.

*Id.* at 932, 111 S.Ct. 2661. The Court held, "[t]here is no constitutional infirmity in the delegation of felony trial jury selection to a magistrate when the litigants consent." *Id.* at 936, 111 S.Ct. 2661.

█ When it comes to "additional duties," consent is key, but as noted, the proper analysis also requires an evaluation of whether or not the additional duty "bear[s] some relation to the specified duties" that magistrate judges are already authorized to perform. *Id.* at 930, 111 S.Ct. 2661. We conclude that Rule 11 plea colloquies *do* bear some relation to the

specified duties that magistrate judges can perform.

The two main issues in a change-of-plea—the voluntariness of the plea and the existence of a factual basis—are very similar to issues that magistrate judges routinely deal with in the course of their specified duties. Consider, for example, a motion to suppress a defendant's out-of-court statement on the grounds of involuntariness. Section 636(b)(1)(B) authorizes magistrate judges to conduct evidentiary hearings and make proposed findings of fact and recommendations on such motions. The resolution of a motion to suppress on grounds of involuntariness necessarily turns on whether the statement was induced by force, threats, coercion, or improper promises. *See United States v. Coutchavlis*, 260 F.3d 1149, 1158 (9th Cir. 2001) (discussing test for evaluating whether a statement was involuntary).

The question of the voluntariness of an out-of-court statement is remarkably similar to the inquiry into the voluntariness of a guilty plea that underlies the Rule 11 proceeding.

This is not surprising: a guilty plea is an in-court confession. *See Boykin v. Alabama*, 395 U.S. 238, 242, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). If anything, Rule 11 proceedings, although of undeniable importance, are considerably less complex than suppression hearings. A change-of-plea is a highly structured event that follows a familiar script and is governed by the specific terms of Rule 11. Unlike an out-of-court admission or confession, a change-of-plea takes place in the judge's presence; the defendant's free will can be assessed by the judge first-hand, and does not depend on the credibility of conflicting witnesses, as is usually the case at suppression hearings. *See Williams*, 23 F.3d at 632 ("[A]dministrating an allocution is less complex than a number of duties the Magistrates Act specifically authorizes magistrates to perform").

 Likewise, the determination of a factual basis for a guilty plea is very similar to a finding of probable cause at a preliminary hearing, a proceeding over which magistrate judges are authorized to preside. 28 U.S.C. § 636(b)(1)(A). In both instances, the issue is the same—whether the facts as presented to the judge provide reason to believe that the defendant committed the crime in question.[5]

We are therefore satisfied that Rule 11 plea colloquies "bear some relation to the specified duties" that are specifically au-

---

**5.** The issue at a preliminary hearing is whether there is probable cause to believe that a crime was committed and that the defendant committed it. *See* Fed.R.Crim.P. 5.1(a). The issue when determining the factual basis for a plea is whether there is sufficient evidence to justify a conclusion that the defendant committed the charged offense. *See United States v. Neel*, 547 F.2d 95, 96 (9th Cir.1976) (per curiam). However, "[t]he court need not be convinced beyond a reasonable doubt that an accused is guilty." *Id.; see also United States v. Alber*, 56 F.3d 1106, 1110 (9th Cir.1995). In a preliminary hearing, "probable cause may be based upon hearsay evidence in whole or in part." Fed.R.Crim.P. 5.1(a). When determining the factual basis of a plea, it is recognized that "[t]he rule prescribes no spe-

cific method of establishing the factual basis." *United States v. Rivera–Ramirez*, 715 F.2d 453, 457 (9th Cir.1983). The court may rely on presentence reports in determining the factual basis for a plea, *Burton v. United States*, 483 F.2d 1182, 1190 (9th Cir.1973) (Choy, J., concurring), notwithstanding the fact that presentence reports commonly include hearsay. *See, e.g., United States v. Jordan*, 291 F.3d 1091, 1098–99 & n. 9 (9th Cir.2002) ("We permit reliance on hearsay statements in a presentence report under a preponderance of the evidence determination for sentencing purposes."); *United States v. Charlesworth*, 217 F.3d 1155, 1160 (9th Cir.2000) (discussing general principles related to use of hearsay in sentencing).

thorized by the Magistrates Act. *See Peretz,* 501 U.S. at 930, 111 S.Ct. 2661. Accordingly, where, as here, a defendant consents to proceed before a magistrate judge, there is neither a constitutional nor a statutory impediment to delegating Rule 11 plea colloquies in felony cases to magistrate judges.[6]

### 3. Review of Magistrate Judge Findings and Recommendations

Having concluded that district judges may delegate Rule 11 plea colloquies in felony cases to magistrate judges with defendants' consent, our final task is to clarify the circumstances under which the district court must conduct a de novo review of the magistrate judge's findings and recommendations. The answer is found in the Act:

> A judge of the court shall make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations *to which objection is made.*

28 U.S.C. § 636(b)(1)(C)(emphasis added). ▆▆▆ The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made,* but not otherwise. As the *Peretz* Court instructed, "to the extent de novo review is required to satisfy Article III concerns, it need not be exercised unless requested by the parties." *Peretz,* 501 U.S. at 939, 111 S.Ct. 2661 (internal citation omitted). Neither the Constitution nor the statute requires a district judge to review, de novo,

findings and recommendations that the parties themselves accept as correct. *See Ciapponi,* 77 F.3d at 1251 ("Absent an objection or request for review by the defendant, the district court was not required to engage in any more formal review of the plea proceeding."); *see also Peretz,* 501 U.S. at 937–39, 111 S.Ct. 2661 (clarifying that de novo review not required for Article III purposes unless requested by the parties); *Dees,* 125 F.3d at 268 n. 7 ("Even though the Magistrates Act does not expressly provide for *de novo* review of plea proceedings, the only constitutional requirement is that it be available if the parties so request.").

▆▆▆ Our conclusion is further supported by three levels of procedural safeguards inhering within existing practice. First, defendants are free *not* to consent to having a magistrate judge administer the colloquy. Second, even if defendants consent to proceed before magistrate judges, they may file objections to the magistrate judge's proposed findings and recommendations, thereby triggering de novo review.[7] And, third, defendants have an absolute right to withdraw guilty pleas taken by magistrate judges at any time before they are accepted by the district court. *See United States v. Alvarez–Tautimez,* 160 F.3d 573, 576 (9th Cir.1998); *United States v. Washman,* 66 F.3d 210, 212–13 (9th Cir.1995). Defendants therefore have not one, not two, but three opportunities to correct any perceived deficiencies resulting from Rule 11 proceedings over which magistrate judges have presided. On top of all

---

**6.** At oral argument at the en banc rehearing, Reyna–Tapia's lawyer raised, for the first time, the argument that referral was impermissible in this case because the District of Arizona's local rules are silent on the referral of guilty pleas to magistrate judges. *See* 28 U.S.C. § 636(b)(4). This argument was not "specifically and distinctly" raised in Reyna–Tapia's opening brief. *Arpin v. Santa Clara Valley Transp. Agency,* 261 F.3d 912, 919 (9th

Cir.2001). We therefore decline to address this argument. *See Campbell v. Kincheloe,* 829 F.2d 1453, 1455 n. 1 (9th Cir.1987).

**7.** Though the way in which de novo review occurred in this case is not in issue, de novo review of a change-of-plea ordinarily will require review of a transcript or audio recording of the proceeding.

**1122**

that, at any time prior to sentencing, a defendant can make a motion before a district judge to withdraw his guilty plea for "any fair and just reason." *See* Fed. R.Crim.P. 32(e).

■ Finally, it merits re-emphasis that the underlying purpose of the Federal Magistrates Act is to improve the effective administration of justice. *Peretz*, 501 U.S. at 928, 111 S.Ct. 2661. A rule requiring automatic de novo review of findings and recommendations to which no one objects would not save time or judicial resources. It would do just the opposite, and defeat the whole purpose of referring the plea to the magistrate judge.

### III. Conclusion

We affirm the district court's denial of Reyna–Tapia's motion to withdraw his guilty plea. We further hold that district courts may delegate Federal Rule of Criminal Procedure 11 plea colloquy duties in felony cases to magistrate judges with defendants' consent as part of the "additional duties" that magistrate judges may perform pursuant to 28 U.S.C. § 636(b)(3), and that district courts need not conduct de novo review of Rule 11 plea colloquies in felony cases conducted by magistrate judges with defendants' consent where no objections are filed.

AFFIRMED.