**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Gustavo Alfonso SANCHEZ–
SANCHEZ, Defendant–
Appellant.**

United States of America,
Plaintiff–Appellee,

v.

Gustavo Alfonso Sanchez–Sanchez,
Defendant–Appellant.

Nos. 02–10005, 02–10006.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 4, 2002.

Filed June 26, 2003.

Michelle R. Hamilton, Carpenter & Hamilton, P.A., Phoenix, AR, for the appellant.

Timothy Holtzen, Assistant United States Attorney, Phoenix, AR, for the appellee.

Before: BRUNETTI, TASHIMA, Circuit Judges, and EZRA,* District Judge.

---

* Honorable David A. Ezra, Chief Judge, United States District Court for the District of Ha-  waii, sitting by designation.

## OPINION

BRUNETTI, Circuit Judge.

Gustavo Sanchez–Sanchez (Sanchez) pled guilty to Illegal Reentry After Deportation, in violation of 8 U.S.C. § 1326(a), and enhanced by (b)(2). The Presentence Investigation revealed that appellant had prior shoplifting convictions out of Yuma, Arizona, Superior Court. The district court found the shoplifting conviction to be an aggravated felony pursuant to 8 U.S.C. § 1101(a)(43)(G) and increased Sanchez's guideline offense level. Sanchez's initial supervised release revocation proceedings were held before a magistrate judge. Ultimately, the magistrate judge advised Sanchez of the allegations in the petition on supervised release, including the new charge of reentry after deportation. Appellant admitted the violations. The magistrate then found that Sanchez knowingly and voluntarily admitted the violations and recommended that the district court revoke his supervised release and impose sentence. At sentencing and disposition, the district court found that Sanchez had violated his supervised release.

Sanchez argues that the district court erred when it ruled that his Arizona shoplifting conviction was an aggravated felony for sentence enhancement purposes pursuant to 8 U.S.C. § 1101(a)(43)(G). He further contends that the magistrate judge lacked jurisdiction to accept his admission to violating conditions of supervised release without his express consent. We have jurisdiction pursuant to 28 U.S.C. § 1291. We REVERSE and REMAND to the district court to again review the record and resolve the discrepancies with regard to the Arizona conviction and then apply our decision in *U.S. v. Corona–Sanchez*, 291 F.3d 1201 (9th Cir.2002) (en banc). Further, we REVERSE the district judge's decision that Sanchez violated his supervised release because the magistrate judge lacked authority to conduct the revocation proceeding.

## DISCUSSION

### A.  The Aggravated Felony

■ The district court found that Sanchez's prior conviction for shoplifting was an aggravated felony pursuant to 8 U.S.C. § 1101(a)(43)(G). We review de novo whether or not the aggravated felony provisions of the Sentencing Guidelines apply to a conviction. *United States v. Rivera–Sanchez*, 247 F.3d 905, 907 (9th Cir.2001) (en banc).

Being unable to determine the exact nature of Sanchez's prior conviction, there is no way that we can review whether the enhancement pursuant to § 1101(a)(43)(G) is appropriate. The following discrepancies must be resolved by the district court in order to properly assess the prior conviction.

#### 1.  Appellant's Prior Conviction

Whether Sanchez's prior conviction was a violation of Ariz.Rev.Stat. § 13–1805(G): "[s]hoplifting property with a value of more than two hundred fifty dollars but not more than two thousand dollars," a class 6 felony; or § 13–1805(I): "[a] person who commits shoplifting and who has previously committed or been convicted within the past five years of two or more offenses involving burglary, shoplifting, robbery . . .," a class 4 felony. The problem is that one subsection may be the recidivism-type of statute that has been proscribed by this court for use as an aggravated felony for sentencing enhancement purposes. *Corona–Sanchez*, 291 F.3d at 1211.

#### 2.  Value Of Amount Allegedly Stolen

Whether there is any evidence in the record regarding the value of the fifteen

packs of batteries that appellant allegedly stole in violation of Ariz.Rev.Stat. §§ 13–1805, 13–1801, 13–701, 13–801, per the judgment. If the government actually relied on a violation of § 13–1805(G) for the aggravated felony, there must be evidence in the record that the value of the batteries that Sanchez stole was more than two hundred fifty dollars.

### 3. Class Of Felony

The complaint alleges a violation of Ariz. Rev.Stat. §§ 13–1805(I), 13–1805(A), 13–1801, 13–701, and 13–801, a class 4 felony. The judgment states a conviction of shoplifting with one prior conviction in violation of Ariz.Rev.Stat. Ariz.Rev.Stat. §§ 13–1805, 13–1801, 13–701, 13–801, a class 6 felony, yet there is no such offense specified in the statute.

### 4. Government's Contradictory Arguments

The government stated in district court that it was relying on appellant's shoplifting with one prior conviction to qualify as the aggravated felony. On appeal, the government argues that the qualifying conviction is shoplifting property with a value of more than two hundred fifty dollars but not more than two thousand dollars.

Once the discrepancies have been resolved, the district court must apply our decision in *Corona–Sanchez*, 291 F.3d 1201, and determine whether or not the actual violation is the recidivism-type of shoplifting charge that this court struck down. *Id.* at 1211.

### B. Jurisdiction Of The Magistrate Judge

Sanchez argues that the magistrate judge lacked jurisdiction to accept his admission to violating conditions of supervised release without his express consent. He is correct.

The scope of authority and powers of a magistrate judge are questions of law reviewed de novo. *United States v. Gomez–Lepe*, 207 F.3d 623, 627 (9th Cir. 2000). The Federal Magistrates Act governs the authority and jurisdiction of federal magistrate judges. *United States v. Reyna–Tapia*, 328 F.3d 1114, 1118 (9th Cir.2003) (en banc). The power to revoke a defendant's supervised release is not among the duties specifically assigned within § 636. The duty may still fall within the catch-all provision of § 636(b)(3), which provides that "[a] magistrate may be assigned such additional duties as are not inconsistent with the Constitution and the laws of the United States."

This Court, sitting en banc, recently clarified the importance of a defendant's consent. *Id.* at 1119. In *Reyna–Tapia*, we stated, "[w]hen it comes to 'additional duties,' consent is key, but as noted, the proper analysis also requires an evaluation of whether or not the additional duty 'bear[s] some relation to the specified duties' that magistrate judges are already authorized to perform." *Id.* (quoting *Gomez v. United States*, 490 U.S. 858, 864, 109 S.Ct. 2237, 104 L.Ed.2d 923 (1989)). Therefore, a defendant must give consent to a magistrate presiding over his supervised release revocation hearing.

A magistrate judge does have the power to "modify, revoke, or terminate supervised release of any person sentenced to a term of supervised release by a magistrate judge." 18 U.S.C. § 3401(h). Furthermore, § 3401(i) provides:

A district judge may designate a magistrate judge to conduct hearings to modify, revoke, or terminate supervised release, including evidentiary hearings, and to submit to the judge proposed findings of fact and recommendations for such modification, revocation or ter-

mination by the judge, including, in the case of revocation, a recommended disposition under section 3583(e) of this title. The magistrate judge shall file his or her findings and recommendations 18 U.S.C. § 3401(i). Section 3583(e) specifically pertains to supervised release. 18 U.S.C. § 3583(e).

■ Sanchez was sentenced to a term of supervised release by a district court judge and not a magistrate judge. Accordingly, § 3401(h) is not applicable. Furthermore, there was no order from the district court judge that gave the magistrate judge authority to accept Sanchez's admission. Because § 3401(i) must be strictly adhered to, the magistrate did not have authority to accept the admission pursuant to this statute.

■ As previously stated, in order for the magistrate's authority to fall within the additional duties provision of § 636(b)(3), Sanchez must have given his consent. *Reyna–Tapia*, 328 F.3d at 1119. During Sanchez's initial supervised release revocation proceeding, the magistrate judge determined that Sanchez was waiving his right to a preliminary hearing and submitting the detention issue. The magistrate judge then advised Sanchez that the admit or deny hearing was set before the district court. The following colloquy took place between Sanchez's counsel (Mr. Baggot) and the court:

Mr. Baggot: Is it possible to do the admission now before you? If we consent to the—having this before a magistrate? So he doesn't have to come back again.

The Court: Well, really, it's up to the Judge—Judge Broomfield. We haven't been uniformly doing this, so I—

Mr. Baggot: Because there's really no contest, and we're in agreement as to what has to be done.

The Court: Well, what is the agreement?

Mr. Baggot: Well, it's just that he's going to admit the violation. He's pled guilty to reentry before Judge Teilborg. That's the real offense, and—

The Court: Oh. Isn't—

Mr. Baggot:—he's already entered a plea of guilty.

Thereafter, there was a discussion regarding which district court judge would be assigned to handle the new reentry charge and the violation of supervised release allegation. The magistrate judge then advised Sanchez of the allegations in the petition on supervised release, including the new charge of reentry after deportation. Sanchez admitted the violations. The magistrate judge found that Sanchez knowingly and voluntarily admitted the violations and recommended that the district court revoke his supervised release and impose sentence. Later, district court judge Teilborg presided over Sanchez's sentencing hearing. During that hearing the district court judge stated:

The Court: All right.

In previous proceedings, a determination was made that you violated the conditions of your supervised release. And that determination has been made, is that correct counsel?

Mr. Baggot: Yes, sir.

The Court: And based on that determination, it is now the judgment of this Court that you have violated your supervised release.

Consent of a defendant to allow a magistrate judge to preside, when required, must be "explicit, clear, and unambiguous." *Gomez–Lepe*, 207 F.3d at 631. Sanchez did not give an explicit and unambiguous consent during the colloquy. In fact, Sanchez never consented at all. He asked whether, if he consented, the magistrate

**1070**

could accept the admission. However, that in itself does not constitute as express consent.

Because the district judge did not designate the magistrate judge to conduct the revocation hearing, and Sanchez did not give express consent, the magistrate judge lacked authority to accept Sanchez's admission. Since Sanchez did not give consent, we need not address the issue of whether or not the additional duty of a magistrate presiding over a supervised release revocation hearing, " 'bear[s ] some relation to the specified duties' that magistrate judges are already authorized to perform." *Reyna–Tapia*, 328 F.3d at 1119.

## CONCLUSION

We conclude that the district court must again review the record and resolve the discrepancies articulated by this court regarding Sanchez's prior Arizona conviction. The district court must then apply our recent decision in *Corona–Sanchez*, 291 F.3d 1201, in order to determine whether that conviction is an aggravated felony. We REVERSE the district judge's decision that Sanchez violated his supervised release because the magistrate judge lacked authority to conduct the revocation proceeding and remand for further proceedings consistent with this opinion.

REVERSED and REMANDED.