UNITED STATES of America, Plaintiff—Appellee,

v.

Antonio Manuel GALLARDO, Defendant—Appellant.

No. 03–30124.

D.C. No. CR–02–02056–FVS.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 2, 2004.

Decided Feb. 17, 2004.

**24**

Jane M. Kirk, Yakima, WA, for Plaintiff–Appellee.

Blaine T. Connaughton, Connaughton Law Office, Yakima, WA, for Defendant–Appellant.

Before TROTT, PAEZ, and BERZON, Circuit Judges.

## MEMORANDUM *

Antonio M. Gallardo appeals his conviction and 136–month sentence for distribution of a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii). Because the district court did not abuse its discretion by denying his motion to withdraw his guilty plea, and because the government did not violate the terms of the plea agreement in its sentencing recommendation, we affirm his conviction and sentence.

■ We review a district court's decision whether to grant a motion for withdrawal of a guilty plea for abuse of discretion. *United States v. Reyna–Tapia,* 328 F.3d 1114, 1117 (9th Cir.2003). Gallardo asserts that his possible defense for entrapment constitutes a sufficient reason for withdrawal of his plea. *See id.* ("Withdrawal of a guilty plea prior to sentencing may be granted in the district court's informed discretion if the defendant shows any fair and just reason supporting withdrawal."). We disagree. Gallardo was clearly aware of his claim of entrapment when he made his guilty plea, as he so indicated at the time he entered his plea. He has presented no other ground that would constitute a fair and just reason for requiring the district court to accept his plea withdrawal. *Id.* Accordingly, we hold that the denial of Gallardo's motion to withdraw his guilty plea was not an abuse of discretion.

■ Gallardo also asserts that the government violated the terms of the plea agreement by opposing the application of the "safety valve" protections contained in USSG § 5C1.1, and by recommending that there be no sentencing reduction for acceptance of responsibility. Gallardo's claims are without merit. First, unlike the plea agreement in *United States v. Nelson,* 222 F.3d 545, 548 (9th Cir.2000), upon which Gallardo relies, the plea agreement in this case contained no provision requiring the government to recommend the application of the safety valve. Second, the plea agreement did not preclude the government from asserting that Gallardo did not qualify for an acceptance of responsi-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

bility reduction, but merely contained the conditional agreement that "if [Gallardo] ... continue[d] to demonstrate a recognition and affirmative acceptance of personal responsibility" the government would recommend the reduction. Given the conditional nature of the plea agreement, the government was not in violation of the agreement by recommending no such reduction in the face of Gallardo's reticence at accepting such responsibility. Finally, the new contention presented by Gallardo's counsel at oral argument that Gallardo did, in fact, accept responsibility was not properly raised. *See Kim v. Kang,* 154 F.3d 996, 1000 (9th Cir.1998) (declining to consider matters neither raised nor discussed in the briefs).

Accordingly, Gallardo's conviction and sentence are hereby AFFIRMED.