**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Hilario MEZA–ESTRADA, Defendant—Appellant.**

**No. 06–10011.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 11, 2006.*

Filed Sept. 14, 2006.

L. Anthony White, Reno, NV, for Plaintiff–Appellee.

John P. Springgate, Law Office of John P. Springgate, Reno, NV, for Defendant–Appellant.

Before: PREGERSON, T.G. NELSON, and GRABER, Circuit Judges.

MEMORANDUM **

Federal prisoner Hilario Meza–Estrada appeals from his conviction and 70–month sentence imposed following a guilty plea to being an illegal alien found in the United States after having been deported, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Meza–Estrada contends that the district court erred by increasing his sentence pursuant to 8 U.S.C. § 1326(b)(2) based on

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

judge-found facts, when he did not admit and a jury did not find beyond a reasonable doubt the facts of his prior conviction and/or its temporal relationship to his deportation. He further contends that the constitutional avoidance doctrine requires this court to interpret 8 U.S.C. § 1326(a) in a manner that would limit his sentence to two years imprisonment. He also contends that *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), does not apply here because it was based on a Fifth Amendment and not a Sixth Amendment challenge. Finally, Meza–Estrada contends that in light of subsequent Supreme Court decisions, and changes to 8 U.S.C. § 1326(b)(2), *Almendarez–Torres* is not binding precedent.

These contentions are foreclosed. *See United States v. Velasquez–Reyes,* 427 F.3d 1227, 1229 (9th Cir.2005) (rejecting the contention that the government is required to plead prior convictions in the indictment and prove them beyond a reasonable doubt to a jury unless defendant admits the prior conviction in his guilty plea); *United States v. Weiland,* 420 F.3d 1062, 1079 n. 16 (9th Cir.2005) (noting that we continue to be bound by the Supreme Court's holding in *Almendarez–Torres* ); *United States v. Castillo–Rivera,* 244 F.3d 1020, 1024–25 (9th Cir.2001) (rejecting the contention that the fact of the temporal relationship between the deportation and the prior conviction under 8 U.S.C. § 1326(b)(2) is beyond the scope of the Supreme Court's recidivism exception); *United States v. Pacheco–Zepeda,* 234 F.3d 411, 414 (9th Cir.2001) (stating that *Almendarez–Torres* is "dispositive" in rejecting Sixth Amendment claim).

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Meza–Estrada next contends that the district court erred in denying his motion to withdraw his guilty plea. We disagree. The fact that Meza–Estrada received a higher sentence than he had anticipated is not a "fair and just reason" for withdrawal. *United States v. Reyna–Tapia,* 328 F.3d 1114, 1117 (9th Cir.2003) (en banc). Accordingly, Meza–Estrada has not met his burden of showing that the district court abused its discretion in denying his motion to withdraw his plea. *See id.*

**AFFIRMED.**