**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Rafael MARTINEZ, Defendant–**
**Appellant.**

No. 05–30473.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 11, 2006.

Filed Sept. 28, 2006.

Russell E. Smoot, Esq., USSP–Office of the U.S. Attorney, Spokane, WA, Plaintiff–Appellee.

Lana C. Glenn, Esq., Law Offices of Lana C. Glenn, Spokane, WA, for Defendant–Appellant.

Before: SCHROEDER, Chief Circuit Judge, KLEINFELD and BEA, Circuit Judges.

MEMORANDUM *

Martinez argues that the district court abused its discretion by denying him leave to withdraw his guilty plea. Under the Federal Rules of Criminal Procedure, Martinez was not entitled to withdraw his plea unless he had a "fair and just" reason for the withdrawal.[1] A mere change of mind is not sufficient under Federal Rule of Criminal Procedure 11(d)(2)(b) to justify a withdrawal.[2] Neither Martinez's counsel nor Martinez himself, when the judge addressed him personally, recited any "fair and just" reason.

The district court engaged in a particularly careful and thorough colloquy with Martinez. Under *United States v. Nostratis,* a thorough plea colloquy is "strong evidence that the defendant comprehended the plea agreement." [3]

Martinez also claims ineffective assistance of counsel, but we do not address that argument because such a claim is more properly raised in a collateral proceeding, under *United States v. Hanoum.*[4]

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1.  Fed.R.Crim.P. 11(d)(2)(B). *See also United States v. Hyde;* 520 U.S. 670, 671, 117 S.Ct. 1630, 137 L.Ed.2d 935 (1997), *United States v. Reyna–Tapia,* 328 F.3d 1114, 1117 (9th Cir. 2003) (en banc).

2.  The Supreme Court has stressed that guilty pleas are serious business and should not be viewed as so insignificant that they can be withdrawn on a whim. *See Hyde,* 520 U.S. at 677, 117 S.Ct. 1630 ("We think the Court of Appeals' holding would degrade the otherwise serious act of pleading guilty into something akin to a move in a game of chess.")

3.  *United States v. Nostratis,* 321 F.3d 1206, 1209 (9th Cir.2003).

4.  *See United States v. Hanoum,* 33 F.3d 1128, 1131–32 (9th Cir.1994) (ineffective assistance claims are more properly raised by collateral attack under 28 U.S.C. § 2255 than by direct review).