**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Gabriel Andrew VERGARA,**
**Defendant—Appellant.**

**No. 06–50715.**

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 26, 2008.*

Filed Sept. 8, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Wesley Liu Hsu, Michael J. Raphael, Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Elizabeth Newman, FPDCA–Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: SCHROEDER, KLEINFELD, and IKUTA, Circuit Judges.

### MEMORANDUM **

Gabriel Andrew Vergara appeals from his conviction for being an illegal alien found in the United States following deportation, in violation of 8 U.S.C. § 1326(a). We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm, but remand to correct the judgment.

Vergara contends that the district court erred by denying his motion to dismiss the indictment and his motion to withdraw his guilty plea, because the underlying deportation proceeding violated his due process rights. To sustain a collateral attack on a deportation order in a subsequent criminal proceeding, a defendant must demonstrate that his due process rights were violated by defects in the underlying deportation proceeding, and that he suffered prejudice as a result. *See* 8 U.S.C. § 1326(d); *United States v. Gonzalez–Valerio*, 342 F.3d 1051, 1054 (9th Cir.2003). To establish prejudice, a defendant must show that he had a plausible ground for relief from deportation. *See Gonzalez–Valerio*, 342 F.3d at 1054. A defendant who has a serious criminal history must demonstrate unusual or outstanding equities to establish a plausible ground for relief. *See id.* at 1056–57.

Here, Vergara failed to present sufficient evidence in favor of a discretionary grant of relief to outweigh his criminal history. *See id.* at 1057. Because we conclude that Vergara cannot demonstrate prejudice, we conclude that the district court did not err by denying the motion to dismiss the indictment. *See United States v. Muro–Inclan*, 249 F.3d 1180, 1185–86 (9th Cir.2001). For the same reason, we conclude that Vergara failed to establish any fair and just reason to withdraw his guilty plea. *See* Fed.R.Crim.P. 11(d)(2). The district court did not abuse its discretion by denying Vergara's motion to withdraw the plea. *See United States v. Reyna–Tapia*, 328 F.3d 1114, 1117 (9th Cir. 2003) (en banc). We therefore affirm the district court's judgment.

In accordance with *United States v. Rivera–Sanchez*, 222 F.3d 1057, 1062 (9th Cir. 2000), we remand the case to the district court with instructions that it delete from the judgment the incorrect reference to § 1326(b)(2). *See United States v. Herr-*

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*era–Blanco,* 232 F.3d 715, 719 (9th Cir. 2000) (remanding sua sponte to delete the reference to § 1326(b)).

**AFFIRMED; REMANDED to correct judgment.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.