**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 15 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-10226 |
| Plaintiff - Appellee, | D.C. No. 2:07-CR-01269-GMS-1 |
| v. | |
| FILIBERTO GONZALEZ-RODRIGUEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Submitted July 12, 2010[**]
San Francisco, California

Before: HUG and M. SMITH, Circuit Judges, and HOGAN, Senior District
Judge.[***]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Thomas F. Hogan, Senior United States District Judge for the District of Columbia, sitting by designation.

Filiberto Gonzalez-Rodriguez ("Appellant") appeals a 57-month sentence imposed following his guilty plea and conviction for unlawful reentry into the United States as a deported alien in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm. As the facts and procedural history are familiar to the parties, we recite them here only as necessary to explain our decision.

First, Appellant argues that the district court abused its discretion in denying his second motion to withdraw his guilty plea. Appellant claims that a "fair and just reason" for withdrawal existed, *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1117 (9th Cir. 2003) (en banc), primarily because he received ineffective assistance of counsel and wanted to retain new counsel.[1] If proven, this claim

---

[1] Appellant also contends that: (1) he did not understand that, by entering a plea, he was giving up his right to a trial, (2) he informed the district court that he received documents from the State Court in Washington regarding his 1995 felony drug convictions that "evidence 'wrong doing' by the trial court for proceeding with the guilty plea," (3) he "prejudiced" himself by withdrawing from the initial plea agreement, and (4) the court's minute entry did not state whether the plea was accepted. These claims are unsubstantiated. The record indicates that the district court considered Appellant's complaints regarding his prior convictions, and Appellant does not elaborate on the nature of the documents he refers to. Appellant's statements at his change-of-plea hearings indicate that he understood the implications of his plea. Since his plea was accepted on the record, his complaint regarding the minute entry is irrelevant. Finally, Appellant's argument that he "prejudiced" himself lacks merit. Dissatisfaction with the consequences of his decision to withdraw from the initial agreement is no basis for relief.

might constitute a "fair and just reason" for withdrawing a guilty plea. *See United States v. Davis*, 428 F.3d 802, 807 (9th Cir. 2005). But Appellant failed to present evidence substantiating his claims. *See* Fed. R. Crim. P. 11(d)(2)(B); *Davis*, 428 F.3d at 805 ("The defendant has the burden of demonstrating a fair and just reason for withdrawal of a plea . . . ."). We therefore find that the district court properly denied Appellant's second motion to withdraw his guilty plea.

Next, Appellant argues that the district court abused its discretion by denying his motion, made on the eve of trial, for substitute counsel. Because the motion would have required that the trial be continued, the district court was well within its discretion in denying the motion. *See United States v. Schaff*, 948 F.2d 501, 504 (9th Cir. 1991) ("[A] district court has broad discretion to deny a motion for substitution made on the eve of trial if the substitution would require a continuance."). Even assuming the motion was timely, the district court's inquiry into Appellant's complaint was more than adequate. *See United States v. Prime*, 431 F.3d 1147, 1155 (9th Cir. 2005). Appellant had two opportunities to air concerns about his attorney, and he never described a breakdown in communication that would render his counsel unable to present an adequate defense, nor did he allege that counsel was unprepared for trial. Accordingly, the

district court did not abuse its discretion when it denied Appellant's motion to substitute counsel and to continue the trial.

Finally, Appellant contends that the district court imposed an unreasonable sentence and erred in rejecting his downward-departure motion based on cultural assimilation. As the government pointed out, Appellant was approximately sixteen years old when he came to the U.S., and he was educated in Mexico. He also had at least one sibling in Mexico and he built a home there. The district court appropriately reasoned that, although he has close relatives in the U.S., Appellant is not "ill equipped" to "make an existence for himself in Mexico." We find no error in the district court's conclusion that Appellant's ties are insufficiently extraordinary to warrant a departure. *See United States v. Rivas-Gonzalez*, 384 F.3d 1034, 1044 (9th Cir. 2004) (finding no grounds for downward departure based on cultural assimilation where defendant first came to the United States at age twenty-one and had economic rather than cultural motives).

Appellant also suggests that his sentence is unreasonable because his prior convictions were for "small personal use amounts" of drugs and were so old as to be stale. This argument is baseless. Appellant's prior convictions were within the applicable time period for the Sentencing Guideline's criminal history provisions, and his prison sentence is at the very bottom of the U.S. Sentencing Guidelines

range. Moreover, his convictions were not limited to drug offenses, and his drug transactions were not limited to only a small quantity. Accordingly, we conclude that the district court did not err, and that the sentence imposed is substantively reasonable. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *see also United States v. Carty*, 520 F.3d 984, 991-93 (9th Cir. 2008) (en banc).

**AFFIRMED.**