**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-10510 |
| Plaintiff - Appellee, | D.C. No. 1:08-cr-00055-FMTG-1 |
| v. | |
| BILLY JOE PALOMO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Guam
Frances Tydingco-Gatewood, Chief District Judge, Presiding

Argued and Submitted October 11, 2011
Honolulu, Hawaii

Before: O'SCANNLAIN, TALLMAN, and M. SMITH, Circuit Judges.

Billy Joe Palomo appeals the district court's order entering judgment on his

guilty plea, the district court's denial of his motion for substitution of counsel, and

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

his ten year sentence under 21 U.S.C. § 841(b)(viii) (2006).  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]

Palomo pled guilty to conspiracy to possess with intent to distribute over 50 grams of methamphetamine.  21 U.S.C. § 841(b)(viii) (2006).  The district court did not err in accepting and entering judgment on the plea as knowing and voluntary.

The magistrate judge adequately satisfied Rule 11 by informing the defendant of and determining that the defendant understood "any mandatory minimum penalty."  Fed. R. Crim. P. 11(b)(1)(I).  During Palomo's plea colloquy, the magistrate judge announced the mandatory minimum ten year sentence in open court while directly addressing Palomo, who had the identical language before him in a written plea agreement in which he had acknowledged the same penalty by his signature.  There was no error.

There was also a sufficient factual basis for the plea.  Fed. R. Crim. P. 11(b)(3).  The district court properly considered the facts recited in the plea agreement and contained within the presentence report to which Palomo made no

---

[1]  Because the parties are familiar with the facts, we repeat them here only as necessary to explain our decision.

objection. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1120 n.5 (9th Cir. 2003).

The district court also did not abuse its discretion in denying Palomo's motion for substitution of counsel. The court conducted an adequate inquiry on the record and properly concluded that Palomo's purported conflict with his counsel was too narrow to justify substitution, finding that there had been no irreconcilable breakdown in attorney-client communications. *See United States v. Nguyen*, 262 F.3d 998, 1004 (9th Cir. 2001).

Finally, Palomo's sentence did not implicate *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *Apprendi* requires the government to prove beyond a reasonable doubt any fact, other than a prior conviction, that exposes the defendant to a greater punishment than that authorized by the guilty verdict or plea. *Id.* at 489. Palomo pled guilty to all elements of the crime charged, including the specific quantity of methamphetamine: "more than 50 grams." *See United States v. Banuelos*, 322 F.3d 700, 705 (9th Cir. 2003). Because Palomo expressly admitted the methamphetamine quantity as charged in the indictment beyond a reasonable doubt through his plea, the court was not required to make any further evidentiary determination at sentencing that could have triggered *Apprendi*.

**AFFIRMED.**