**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHRISTINE JONES,<br><br>　　　　　Plaintiff - Appellant,<br><br>　v.<br><br>CALIFORNIA DEPARTMENT OF<br>CORRECTIONS; et al.,<br><br>　　　　　Defendants - Appellees. | No. 11-16245<br><br>D.C. No. 1:08-cv-01383-LJO-<br>GBC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted May 15, 2012[**]

Before:　　CANBY, GRABER, and M. SMITH, Circuit Judges.

　　Christine Jones appeals pro se from the district court's judgment in her 42

U.S.C. § 1983 action alleging constitutional violations when prison officials

questioned her and searched her property when she attempted to visit her husband

---

　　[*]　　This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

　　[**]　　The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

at Corcoran State Prison.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal under 28 U.S.C. § 1915(e)(2)(B), *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order), and the authority of a magistrate judge, *United States v. Sanchez-Sanchez*, 333 F.3d 1065, 1068 (9th Cir. 2003).  We affirm.

On appeal, Jones argues that the magistrate judge lacked jurisdiction to issue findings and recommendations because Jones refused to consent to proceed before a magistrate judge.  Because the magistrate judge did not enter dispositive orders, Jones's consent to the magistrate judge's designation was not required.  *See* 28 U.S.C. § 636(b)(1)(B); *see also Estate of Conners by Meredith v. O'Connor*, 6 F.3d 656, 658 (9th Cir. 1993) (discussing scope of magistrate judge's authority under § 636(b)(1)(B)).  The district judge properly conducted a de novo review of the magistrate judge's findings and recommendations and Jones's objections thereto, and entered final judgment.  *See* 28 U.S.C. § 636(b)(1)(C).

Issues that are not specifically and distinctly raised and argued in the opening brief, including the merits of the dismissal, are deemed waived.  *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

Jones's remaining contentions are unpersuasive.

**AFFIRMED.**