**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10307 |
| Plaintiff - Appellee, | D.C. No. 2:13-cr-50030-GMS-1 |
| v. | |
| BENNETT LAQUAN WILLIAMS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Submitted October 7, 2014[**]
Phoenix, Arizona

Before: D.W. NELSON, SILVERMAN, and M. SMITH, Circuit Judges.

Bennett Laquan Williams appeals from the district court's order revoking his

supervised release, sentencing him to twelve months in prison, and imposing a new

forty-eight month term of supervised release. Specifically, Williams argues that

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

the magistrate judge who accepted his admission to a supervised release violation lacked the authority to do so. Williams also contends that the district court failed to properly inform him of the maximum penalty at the time of his admission. We assume that all parties are familiar with the facts of this case and only recite those facts necessary to this disposition. We affirm.

## Discussion

### A. Authority of the Magistrate Judge

In *United States v. Sanchez-Sanchez*, 333 F.3d 1065, 1070 (9th Cir. 2003), we held that in order for a magistrate judge to preside over a revocation hearing a district judge must have "designate[d] the magistrate judge to conduct the revocation hearing" and the defendant must give "express consent." Both requirements are met here. Prior to the hearing before the magistrate judge Williams consented to "go forward with [his] . . . Admission or Denial Hearing on Petition for Revocation of . . . Supervised Release . . . ." Further, District Judge Snow has expressly delegated "Admit/Deny Hearings on Petitions for Revocation of Supervised Release" to a magistrate judge. We reject Williams' argument that such an order must designate a "specific individual magistrate judge" as inconsistent with the text of the statute, which provides authority to "designate a magistrate judge to conduct hearings to modify, revoke, or terminate supervised release . . . ." 18 U.S.C. § 3401(i).

## B. Sentencing

Williams contends that the district court erred by not adhering to Federal Rule of Criminal Procedure 11(b)(H), which requires the judge to advise defendants about "the maximum possible penalty, including . . . supervised release." Revocations of supervised release, however, are governed by Rule 32.1, and courts need not adhere to the strictures of Rule 11 in such proceedings. *United States v. Segal*, 549 F.2d 1293, 1296 (9th Cir. 1977).

**AFFIRMED**