**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 27 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    17-10461 |
| Plaintiff-Appellee, | D.C. No. |
| v. | 4:06-cr-00811-CKJ-DTF-2 |
| JEMARA AKIL BUTLER, AKA Michael Smith, AKA Brian Williams, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Submitted September 12, 2019[**]
Pasadena, California

Before:  RAWLINSON, IKUTA, and BENNETT, Circuit Judges.

Jemara Butler ("Butler") appeals from a judgment and commitment order

following revocation of his supervised release. We have jurisdiction under 18 U.S.C.

§ 3742 and 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

First, Butler claims he did not provide the required consent to the district court's delegation of authority to the magistrate judge to conduct his supervised release revocation hearing. We review this issue de novo. *See United States v. Colacurcio*, 84 F.3d 326, 328 (9th Cir. 1996) (reviewing district court's delegation of authority to conduct a probation revocation hearing to a magistrate judge). There is sufficient evidence of Butler's consent to the delegation to a magistrate judge. The Federal Magistrates Act, 28 U.S.C. § 636(b), requires "explicit, clear, and unambiguous" consent. *United States v. Sanchez-Sanchez*, 333 F.3d 1065, 1069 (9th Cir. 2003) (quotation marks and citation omitted). Butler's consent here—in writing and on the record—satisfies the statutory requirement. Butler relies on 18 U.S.C. § 3401(b). But that subsection applies to the delegation of misdemeanor criminal trials, and the specific consent inquiry required for misdemeanor trial delegations was not required here.

Second, Butler claims the district court failed to conduct the appropriate review of the proceedings before the magistrate judge. The "threshold requirement for a de novo determination is that the district court review a tape recording or a transcript of the relevant portions of the proceedings before the magistrate." *United States v. Remsing*, 874 F.2d 614, 618 (9th Cir. 1989). Here, the district court judge confirmed that she had reviewed the proceeding before the magistrate judge. We presume that district judges know and follow the law. *United States v. Carty*, 520

F.3d 984, 992 (9th Cir. 2008). There is no evidence to suggest otherwise here.

Finally, there is no reversible error in the magistrate judge's filing of "boilerplate" findings and recommendations where the district court properly reviewed those findings and recommendations de novo.

**AFFIRMED.**