**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MELIKE DEWEY; ROBERT AMJARV,<br><br>Plaintiffs-Appellants,<br><br>v.<br><br>CITY OF LOS ANGELES; BRENDAN LOONEY, in his individual capacity; MONIQUE REMBERT, in her individual capacity; DOES, 1-10,<br><br>Defendants-Appellees. | No.    22-55643<br><br>D.C. No.<br>2:18-cv-09677-VBF-PLA<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Valerie Baker Fairbank, District Judge, Presiding

Submitted December 14, 2023[**]
San Francisco, California

Before: O'SCANNLAIN, FERNANDEZ, and SILVERMAN, Circuit Judges.

Melike Dewey and Robert Amjarv (Plaintiffs) appeal pro se from the district

court's judgment in their action against the City of Los Angeles (City) and two of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

its employees for federal and state law claims arising from the placement of a fire hydrant and the condition of the City's sewer lines near a property they own at 17737 Posetano Road in Los Angeles (the Property). We have jurisdiction,[1] and we affirm.

Upon our de novo review[2] of the record that was before the district court at that time,[3] we conclude that summary judgment was appropriate on Plaintiffs' Fifth Amendment[4] and California Civil Code § 3479 public nuisance[5] claims arising from the purportedly-leaking sewer lines. The City presented uncontroverted evidence that the sewer lines had not leaked onto the Property. Plaintiffs' conclusory and speculative assertions otherwise were unsupported by any competent evidence. *See Scott v. Harris*, 550 U.S. 372, 380, 127 S. Ct. 1769, 1776, 167 L. Ed. 2d 686 (2007).

---

[1] 28 U.S.C. § 1291. Contrary to Plaintiffs' assertions, interlocutory certification was unnecessary. *See id.* § 1292(b).

[2] *See Henry v. Adventist Health Castle Med. Ctr.*, 970 F.3d 1126, 1130 (9th Cir. 2020) (summary judgment review).

[3] *See id.* at 1128 n.1; *Lippi v. City Bank*, 955 F.2d 599, 604 (9th Cir. 1992).

[4] *See* U.S. Const. amend. V; 42 U.S.C. § 1983; *Cedar Point Nursery v. Hassid*, 594 U.S. __, __, 141 S. Ct. 2063, 2071, 210 L. Ed. 2d 369 (2021).

[5] *See Citizens for Odor Nuisance Abatement v. City of San Diego*, 213 Cal. Rptr. 3d 538, 545–46 (Ct. App. 2017).

Likewise, upon our de novo review,[6] we conclude that the district court correctly dismissed the claims premised upon the location of the fire hydrant. The district court properly determined that those claims were barred by claim preclusion arising from a 2007 judgment in a California state court action. *See Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001).[7]

We reject Plaintiffs' assorted challenges to the district court proceedings. Those challenges are largely premised upon Plaintiffs' misreading of the United States Code,[8] the Federal and Local Rules,[9] and the record. Moreover, nothing in the record indicates that Magistrate Judge Abrams harbored any impermissible bias against Plaintiffs. *See Liteky v. United States*, 510 U.S. 540, 555–56, 114 S. Ct. 1147, 1157–58, 127 L. Ed. 2d 474 (1994); *United States v. Sibla*, 624 F.2d 864, 868 (9th Cir. 1980).

---

[6] *See V.V.V. & Sons Edible Oils Ltd. v. Meenakshi Overseas, LLC*, 946 F.3d 542, 545 (9th Cir. 2019).

[7] We decline to consider the district court's dismissal of Plaintiffs' remaining claims because Plaintiffs have failed to meaningfully challenge it. *See Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994).

[8] *See* 28 U.S.C. § 636(b)(1); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1118–19 (9th Cir. 2003) (en banc) (Federal Magistrates Act).

[9] *See* Fed. R. Civ. P. 16(a)–(b)(1) & 26(a)(1); C.D. Cal. R. 5-4.4 & 5-4.7.3.

We do not consider arguments raised for the first time on appeal or matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**