**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.

CLIFFORD A. DAVIS, M.D.,
        *Defendant-Appellant.*

No. 04-50030

D.C. No.
CR-00-1132-MMM

ORDER AND
AMENDED
OPINION

Appeal from the United States District Court
for the Central District of California
Margaret M. Morrow, District Judge, Presiding

Argued and Submitted
March 7, 2005—Pasadena, California

Filed June 9, 2005
Amended November 2, 2005

Before: Susan P. Graber and Consuelo M. Callahan,
Circuit Judges, and Charles R. Breyer,* District Judge.

Opinion by District Judge Breyer;
Partial Dissent by Judge Callahan

---

*Honorable Charles R. Breyer, United States District Judge for the
Northern District of California, sitting by designation.

15001

**COUNSEL**

Randy S. Kravis, Studio City, California, for the defendant-appellant.

Ronald L. Cheng, Assistant United States Attorney, Los Angeles, California, for the plaintiff-appellee.

**ORDER**

The opinion filed on June 9, 2005, slip op. 6753, and appearing at 410 F.3d 1122 (9th Cir. 2005), is replaced by the amended opinion and dissent filed concurrently with this order.

Petitions for rehearing or for rehearing en banc may be filed.

**OPINION**

BREYER, District Judge:

We must decide whether a district court has discretion to permit a defendant to withdraw his guilty plea prior to sentencing when the district court finds that defense counsel

"grossly mischaracterized" the defendant's possible sentence, but also finds that the mischaracterization did not actually prejudice the defendant as is required to invalidate a plea post-sentence. We answer "yes." Because the district court did not believe it had such discretion, we vacate and remand for reconsideration of defendant's motion to withdraw his plea.

## FACTUAL AND PROCEDURAL BACKGROUND

A grand jury indicted defendant, a physician, for conspiracy to distribute Dilaudid, a Schedule II controlled substance, and for twelve separate distribution counts. After several continuances, trial was scheduled for October 23, 2001. Just before trial, defendant, then aged 72, pleaded guilty pursuant to a plea agreement to a second superseding information charging defendant with two counts of violating 21 U.S.C. § 843(b), using a telephone to facilitate a conspiracy to distribute illegal narcotics by means of false and fraudulent drug prescriptions. The plea agreement unambiguously stated that defendant's potential maximum sentence was eight years. During the extensive Rule 11 plea colloquy, the government, at the district court's request, again stated that the defendant faced a maximum sentence of eight years, and further emphasized that the government might seek an offense level which would place defendant's guideline range well in excess of the eight-year statutory maximum.

In February 2002, the United States Probation Office issued a Presentence Report ("PSR") in which it recommended that the court sentence defendant to the statutory maximum of eight years' imprisonment. Although defendant had stipulated to illegally issuing only 16 prescriptions for Dilaudid, the PSR calculated defendant's offense level based on defendant having illegally issued additional prescriptions. Defendant subsequently filed a motion for new counsel (defendant's retained counsel had become appointed counsel around the time of defendant's plea).

The district court held a hearing on defendant's request. During the in camera portion of the hearing, defendant explained that he wanted new counsel because, among other reasons, he wanted to withdraw his plea, but his attorney was not supportive of the idea. Defendant's counsel stated on the record that defendant's decision to plead guilty was very difficult, and that defendant was uncertain as to what to do up to the very last minute. After additional inquiry, the district court determined that defendant could continue to communicate with his counsel and therefore denied the request for substitute counsel.

Defendant nonetheless came up with the funds to hire new counsel, and before he was sentenced, filed a motion to withdraw his guilty plea. Defendant argued that his former counsel had pressured him into entering the plea, and that his counsel had rendered ineffective assistance by advising defendant that he would receive probation if he pleaded guilty.

The district court held an evidentiary hearing on defendant's motion. Defendant and defendant's son testified in support of the motion to withdraw. Defendant's son testified that the weekend before defendant pleaded guilty, defendant told him that he might have to plead guilty in order to avoid jail time. The government called defendant's former attorney as a witness. The former attorney denied having promised that defendant would receive probation if he pleaded guilty, but he admitted that he advised defendant that his potential sentencing range was probation to eight years.

The district court subsequently issued a 27-page written order denying defendant's motion to withdraw his plea. After acknowledging that the court could permit defendant to withdraw his plea if he shows a "fair and just reason" for doing so, the district court applied the two-part test for invalidating a guilty plea based on ineffective assistance of counsel. *See Hill v. Lockhart*, 474 U.S. 52, 59 (1985). The court rejected defendant's assertion that his former attorney had absolutely

promised that he would receive probation, but nonetheless found that counsel had rendered constitutionally deficient performance when advising defendant on the entry of the guilty plea:

> Because there was little, if any, likelihood that defendant might receive a probationary sentence in this case, and because mention of such a possibility significantly skewed the sentencing range [counsel] presented, . . . [counsel] grossly mischaracterized the likely outcome of the case and rendered deficient performance in advising defendant regarding the entry of a guilty plea.

The court next concluded, however, that defendant had not demonstrated actual prejudice; that is, he had not proved that but for his counsel's deficient performance he would not have pleaded guilty. The court based this conclusion on the Rule 11 plea colloquy and, in particular, on the fact that defendant was told, and stated that he understood, that he could be sentenced to eight years in prison. For this reason the district court denied defendant's motion to withdraw his plea.

At the subsequent sentencing hearing, the court adopted the PSR's findings. The court also found that defendant was likely to die within the next five years because of a heart condition, but declined to depart downward; instead, the court sentenced defendant to the statutory maximum of eight years.

Defendant appeals the district court's denial of his motion to withdraw his plea. He also argues that in the light of the United States Supreme Court's decision in *United States v. Booker*, 543 U.S. ___, 125 S. Ct. 738 (2005), his case should be remanded to the district court for resentencing.

## JURISDICTION AND STANDARD OF REVIEW

We have jurisdiction to review a district court's denial of a Rule 11 motion to withdraw a guilty plea pursuant to 28

U.S.C. § 1291. *United States v. Nostratis*, 321 F.3d 1206, 1207 (9th Cir. 2003). We review for an abuse of discretion the district court's denial of such a motion. *United States v. Ortega-Ascanio*, 376 F.3d 879, 883 (9th Cir. 2004). "A district court abuses its discretion when it rests its decision on an inaccurate view of the law." *United States v. Garcia*, 401 F.3d 1008, 1011 (9th Cir. 2005).

## DISCUSSION

### A.   The Motion To Withdraw The Plea

[1] A district court may permit a defendant to withdraw a guilty plea *before* sentencing if "the defendant can show a fair and just reason for requesting the withdrawal." Fed.R.Crim.P. 11(d)(2)(B).[1] *After* a defendant is sentenced, however, a "plea may be set aside only on direct appeal or collateral attack." Fed. R.Crim.P. 11(e).

[2] The defendant has the burden of demonstrating a fair and just reason for withdrawal of a plea, *see* Rule 11(d)(2)(B); however, the standard is applied liberally. *See Garcia*, 401 F.3d at 1011; *Ortega-Ascanio*, 376 F.3d at 883; *United States v. Nagra*, 147 F.3d 875, 880 (9th Cir. 1998); *see also United States v. Signori*, 844 F.2d 635, 637 (9th Cir. 1988) (stating that a motion to withdraw a plea pre-sentence should be "freely allowed"). "Fair and just reasons for withdrawal include inadequate Rule 11 plea colloquies, newly discovered evidence, intervening circumstances, *or any other reason for withdrawing the plea that did not exist when the defendant*

---

[1]This Rule was found in Federal Rules of Criminal Procedure 32(e) at the time the district court decided defendant's motion to withdraw his plea. After the December 2002 amendments to the Rules, the withdrawal Rule was moved to Rule 11(d)(2)(B). "Despite minor language changes in the rule, the 'fair and just reason' standard remains the same . . . ." *Nostratis*, 321 F.3d at 1208 n.1. This Opinion refers to the Rule in its current form.

*entered his plea.*" *Ortega-Ascanio*, 376 F.3d at 883 (emphasis added).

Here, defendant proffered a reason for withdrawal that he claimed did not exist at the time of his plea; namely, his belief (based on his attorney's advice) that if he pleaded guilty he would receive probation. Arguably, he first learned that there was virtually no chance that he would receive probation when he received the PSR. The district court found that counsel had not absolutely promised that defendant would receive probation, but it also found that counsel had "grossly mischaracterized" defendant's possible sentence and had rendered deficient performance by advising defendant that his likely sentence was probation to eight years. *See Chacon v. Wood*, 36 F.3d 1459, 1464 (9th Cir. 1994) (noting that a defendant can prove that his counsel engaged in constitutionally deficient performance by showing that counsel grossly mischaracterized the likely outcome) (*citing Iaea v. Sunn*, 800 F.2d 861, 865 (9th Cir. 1986))), *superseded by statute on other grounds as stated in Morris v. Woodford*, 229 F.3d 775, 779 (9th Cir. 2000). Under the Sentencing Guidelines there was little, if any, possibility that defendant would be sentenced to probation or anything close to probation.[2] Again, defendant arguably did not learn of his attorney's gross mischaracterization until he received the PSR.

The district court nonetheless denied defendant's motion because defendant did not prove actual prejudice as required by *Hill*, 474 U.S. at 58-59. In *Hill*, the United States Supreme Court held that a defendant may successfully attack the validity of a guilty plea based on ineffective assistance of counsel if the defendant shows "that there is a reasonable probability

[2]The district court found that, in order for defendant to receive a sentence at the low end of the range suggested by counsel, the court would have had to depart 20 to 30 levels. The court further found that there was little likelihood that the limited grounds for departure reserved by defendant in the plea agreement would warrant such an extreme departure.

that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 59. The court concluded that defendant had not met that burden because, during the Rule 11 colloquy, the court properly advised defendant that he could be sentenced to a maximum of eight years' imprisonment, precisely the sentence he received. Defendant's acknowledgment of this fact during the colloquy was, the district court concluded, inconsistent with his assertion that he believed he would receive probation.

**[3]** Although the district court may have correctly determined that defendant had not established actual prejudice sufficient to invalidate his plea, a defendant does *not* have to prove that his plea is invalid in order to establish a fair and just reason for withdrawal before sentencing. The invalidity standard applies only after a defendant has been sentenced. *See* Fed.R.Crim.P. 11(e); *Garcia*, 401 F.3d at 1012; *Ortega-Ascanio*, 376 F.3d at 884. Prior to sentencing, the proper inquiry is whether the defendant has shown a fair and just reason for withdrawing his plea even if the plea is otherwise valid. *See Garcia*, 401 F.3d at 1012; *Ortega-Ascanio*, 376 F.3d at 884.

In *Ortega-Ascanio*, for example, the defendant moved to withdraw his plea prior to sentencing so that he could move to dismiss the indictment based on a Supreme Court decision issued after his plea. The district court ruled that the defendant had not shown a fair and just reason for withdrawing his plea because " 'a pre-plea constitutional violation . . . by itself is insufficient to invalidate the properly entered guilty plea.' " *Id.* at 883. We reversed, holding that the district court had applied the wrong legal standard to the defendant's motion: "namely, demonstration that the plea was invalid." *Id.* at 884.

**[4]** The district court applied the same incorrect legal standard here: requiring defendant to prove that his plea is invalid. The court held that defense counsel's constitutionally deficient performance could constitute a fair and just reason for

withdrawing the plea *only if* defendant satisfied the prejudice prong of *Hill*; that is, only if he proved that, but for his counsel's erroneous advice, he would have insisted on going to trial. *See Hill*, 474 U.S. at 59. The *Hill* standard, however, applies when a defendant seeks to invalidate a plea post-sentence. To require a defendant to satisfy the prejudice prong of *Hill* in order to withdraw a plea based on counsel's erroneous advice eviscerates the distinction between a motion to withdraw a plea made pre-sentence and a post-sentence challenge to a plea.

> Such an interpretation of 'fair and just' renders the rule nothing more than an expedited hearing on a challenge to the voluntariness of a plea. A fair reading of the broad language of Rule 11(d)(2)(B) . . . establishes that a defendant need not prove that his plea is invalid in order to meet his burden of establishing a fair and just reason for withdrawal.

*Ortega-Ascanio*, 376 F.3d at 884; *see also Garcia*, 401 F.3d at 1012 (holding that the " 'fair and just reason' standard is simply more generous than the standard for determining whether a plea is invalid").

The dissent relies heavily on *United States v. Signori*, 844 F.2d 635, 638 (9th Cir. 1988), and *United States v. Rubalcaba*, 811 F.2d 491, 494 (9th Cir. 1987), for the proposition that post-sentence standards for withdrawing a guilty plea apply in the pre-sentence context. Those cases are clearly distinguishable.

In *Signori*, the defendant alleged that he had received ineffective assistance of counsel because his lawyer led him to believe that he could withdraw his guilty plea at any time. 844 F.2d at 638. But the defendant tried to demonstrate counsel's alleged negligence only by an *unsworn* contention made at the time he moved to withdraw his plea. *Id.* at 639. We explained that the cases cited by the defendant, which held that a guilty

plea cannot be induced by a misrepresentation, "all involved proven misrepresentations." *Id.* at 638. By contrast, the district court in *Signori* found, as a fact, contrary to the defendant's unsworn allegation, that the defendant had been fully advised by his counsel of the consequences of pleading guilty. *Id.* at 639. Here, the district court found as a fact precisely the opposite — that counsel affirmatively misrepresented to defendant his likely sentencing range. As the court in *Signori* pointed out, *id.* at 638, cases involving *proven* misrepresentations present very different circumstances, which alter our analysis of whether a defendant has established a fair and just reason for withdrawing a guilty plea. And it is not surprising that opposite factual findings may lead to opposite results.

In *Rubalcaba*, the defendant wanted to withdraw his guilty plea because he claimed that his counsel had failed to explain his plea agreement adequately and thereby rendered ineffective assistance. 811 F.2d at 494. In particular, the defendant asserted that he did not know that his sentences could possibly run consecutively. *Id.* However, the district court's recitation of the defendant's possible sentence at his plea hearing, specifying the possibility of consecutive sentences, countered exactly the alleged misinformation. *Id.* Here, by contrast, defendant does not claim that he failed to appreciate the theoretical contours of his plea agreement, but only that his lawyer lured him into pleading guilty by making a grossly wrong prediction of the sentencing range. In that context, the court's recitation of the maximum possible sentence confirms, but in no way contradicts, the lawyer's wrong prediction. Again, the fact that defendant's counsel affirmatively misrepresented the possible sentence that defendant might receive distinguishes *Rubalcaba* and requires us to engage in a more nuanced fair-and-just analysis.

**[5]** Because a defendant does not have to prove that his plea was invalid in order to justify withdrawal, a defense counsel's erroneous advice may warrant withdrawing a plea even if the defendant does not prove that he would not have

pleaded guilty but for the erroneous advice. Our recent decision in *Garcia* is illustrative. There the defendant moved to withdraw his plea based on newly-discovered evidence. We held that,

> [w]hile newly discovered evidence wholly unrelated to a defendant's case would surely not entitle him to withdraw his guilty plea, the generous "fair and just reason" standard does not require that the defendant show that the new evidence exonerates him or that there is a reasonable probability he would not have been convicted had the case gone to trial.

401 F.3d at 1011. We also did not require Garcia to prove that he would not have pleaded guilty had he been aware of the newly discovered evidence:

> Had Garcia known about this evidence earlier, he may well have changed his mind about whether to plead guilty. We need not hypothesize about the ripple effect of the new evidence or speculate about its potential effect on a jury. It is sufficient that this evidence was relevant evidence in Garcia's favor *that could have a least plausibly motivated a reasonable person in Garcia's position not to have pled guilty* had he known about the evidence prior to pleading.

*Id.* at 1011-12 (emphasis added). Thus, a defendant may demonstrate a fair and just reason for plea withdrawal by showing that his counsel's gross mischaracterization plausibly *could* have motivated his decision to plead guilty. Nothing in Rule 11(d)(2)(B) requires a defendant to show more in order to satisfy the "fair and just reason" standard.

**[6]** We have little difficulty concluding that, under this standard, the district court in its discretion could have permitted defendant to withdraw his plea. Defense counsel's testimony that defendant was uncertain as to whether to plead

guilty until the very last moment, defendant's son's testimony that defendant stated that he was pleading guilty to avoid jail, and defendant's advanced age and poor health, all support a finding that defense counsel's gross mischaracterization of the likely sentencing range could have motivated defendant to plead guilty. The district court, however, incorrectly believed that it did not have discretion to permit defendant to withdraw his plea unless defendant proved actual prejudice. The district court's unduly narrow view of its discretion requires us to vacate the denial of defendant's motion to withdraw his plea. *See United States v. Ruiz*, 257 F.3d 1030, 1033 (9th Cir. 2001) (en banc) (holding that a district court's application of the wrong legal standard on a motion to withdraw a plea constitutes an abuse of discretion).

**[7]** In *Ortega-Ascanio* and *Garcia*, we determined that under the correct legal standard it would have been an abuse of discretion not to grant the defendant's motion to withdraw. We do not make that determination here; instead, we remand to the district court to decide anew defendant's motion to withdraw his plea based on the correct legal standard. *See Ruiz*, 257 F.3d at 1033.

## B.   The *Booker* Claim

**[8]** While defendant's appeal was pending, the United States Supreme Court decided *Booker*. The Court held that the Sentencing Guidelines are advisory and that the appellate courts should review sentences for "unreasonableness." 125 S. Ct. at 764-65. "Because we cannot say that the district judge would have imposed the same sentence in the absence of mandatory Guidelines and de novo review of downward departures," *United States v. Ruiz-Alonso*, 397 F.3d 815, 820 (9th Cir. 2005), and in the event the district court does not permit defendant to withdraw his plea, the district court shall resentence defendant in accordance with *Booker. See United States v. Ameline*, 409 F.3d 1073 (9th Cir. 2005) (en banc).

VACATED AND REMANDED.

CALLAHAN, Circuit Judge, dissenting in part:

I respectfully dissent from Part A of the majority's opinion. The majority improperly faults the district court for applying established law from this circuit, and creates an unworkable standard for determining whether an attorney's deficient advice constitutes a fair and just reason for the withdrawal of a guilty plea.

In my view, we are bound by the standard set forth in *Hill v. Lockhart,* 474 U.S. 52, 57-59 (1985), as previously applied to presentencing cases in *United States v. Signori*, 844 F.2d 635, 638 (9th Cir. 1988) and *United States v. Rubalcaba*, 811 F.2d 491, 494 (9th Cir. 1987). Thus, even if this panel were to set forth a new standard, the district court could hardly be criticized for following established case law.[1]

In *Rubalcaba*, the defendant filed a motion to withdraw his guilty plea to conspiracy to possess and distribute heroin and possession of a firearm. One of the defendant's grounds for withdrawing the plea was that he misunderstood the plea agreement because he was denied effective assistance of counsel. The court applied the standard from *Hill* and held that "[e]ven if Rubalcaba's attorney acted incompetently by misinforming him of the nature of the plea bargain, Rubalcaba has failed to show this act prejudiced him." *Id.* This statement is equally applicable to our situation.

Faced with this precedence, the majority first contends that *Rubalcaba*'s application of the *Hill* standard is not binding, because, here, "the fact that defendant's counsel affirmatively misrepresented the possible sentence that defendant might receive distinguishes *Rubalcaba* . . . ." The majority holds that "the *Hill* standard [only] applies when a defendant seeks to

---

[1]The *Hill* standard has also been applied in the presentencing context in cases arising in other circuits. *See, e.g., United States v. Pellerito*, 878 F.2d 1535 (1st Cir. 1989).

invalidate a plea post-sentence." These statements are contradictory, and, I submit, incorrect.

The fact that a prior panel may not have considered a particular argument, or line of thought, in reaching its bottom line does not provide a valid basis for distinguishing otherwise controlling precedent. Indeed, such a posture would invite subsequent panels to distinguish precedent based solely on the fact that prior panels had not specifically considered a novel argument. Our jurisprudence is not, however, a perpetual tabula rasa. *See United States v. Johnson*, 256 F.3d 895, 915 (9th Cir. 2001) ("If later panels could dismiss the work product of earlier panels quite so easily, much of our circuit law would be put in doubt.") (en banc) (plurality op. of Kozinski, J.); *see also Barapind v. Enomoto*, 400 F.3d 744, (9th Cir. 2005) (en banc) (noting that if the majority of a panel chooses to address an issue, the court's disposition of that issue becomes law of the circuit).

In addition, the majority's holding establishes an unworkable standard. We agree that Davis must show a "fair and just reason" for withdrawal of his guilty plea, but disagree on what showing a defendant has to make to meet this standard. The district court found that Davis had not met his burden of offering a fair and just reason because — to use the majority's phrase — he had not shown "that but for his counsel's erroneous advice, he would have insisted on going to trial." Nothing in the majority's opinion supports our disturbing the district court's *factual* determination.

The majority, however, holds that "[a]lthough the district court may have correctly determined that defendant had not established actual prejudice sufficient to invalidate his plea, a defendant does *not* have to prove that his plea is invalid in order to establish a fair and just reason for withdrawal before sentencing." This is troubling for several reasons. First, even *if* this were an accurate statement of the law as permissive

("may"), it does not follow that such erroneous advice from defendant's attorney commands the vacation of the sentence.[2]

Furthermore, in applying its standard to the facts of this case, the majority fails to appreciate the district court's view of the facts. The district judge held an evidentiary hearing on defendant's motion to withdraw. She heard testimony from both the defendant and his prior counsel, who denied having promised the defendant that he would receive probation if he pled guilty. The district court then made the factual determination that even accepting that counsel "grossly mischaracterized the likely outcome of the case and rendered deficient performance," the defendant had not shown that he would have withdrawn his guilty plea. The district court found that there was no showing, as Davis contended, that Davis's attorney "lured" him into pleading guilty, only that the attorney failed to properly advise him that he was unlikely to receive probation.

Normally, the factual determination by the district court is subject to reversal on appeal only if it constituted clear error. The majority, unwilling to so hold, posits that the district court failed to understand that it had "discretion to permit defendant to withdraw his plea" even if the defendant did not prove actual prejudice. As indicated, this statement is wrong on the facts and wrong as a matter of law. The district court in essence disbelieved the defendant; discretion played no role in its denial of the motion.

Furthermore, the majority errs in suggesting that an inquiry as to what constitutes "fair and just reason" for a plea may not

---

[2]Here, it is noteworthy that the presentencing report was issued just days prior to Davis's first statement to the district court that he wished to withdraw his guilty plea. *See United States v. Nostratis*, 321 F.3d 1206 (9th Cir. 2003) (noting that '[i]n the instant case, Nostratis moved to withdraw his plea *only after learning from the presentence report* that his likely sentencing range was 135 to 168 months and that the government would only move for a two-level downward departure." *Id*. at 1211.

consider the plea's validity. The precedents relied upon by the majority are compatible with requiring the defendant to show that but for the deficient performance, he would have withdrawn his guilty plea. In *United States v. Ortega-Ascanio*, 376 F.3d 879, 884 (9th Cir. 2004), we held that a defendant did not have to show that a "plea was invalid." Similarly, *United States v. Garcia*, 401 F.3d 1008, 1011 (9th Cir. 2005) turns on whether a plea is invalid. Neither held that a district court could not consider the validity of a plea as a factor in determining what constitutes a "fair and just reason" for withdrawal of a plea. Furthermore, both cases involved changed circumstances that were not known to the defendants at the time they entered into their plea agreements, and were instances where there was no procedure in place to counteract the prejudice of this lack of information.[3]

Here, although Davis may not have known of his attorney's misadvice at the time that he *initially* entered the plea, the trial judge, as part of her standard trial procedure, informed Davis of the full consequences of his plea during the plea colloquy. Thus, the district court had the opportunity to dispel the prejudice of the defense counsel's mistaken advice by advising Davis of the full consequences of entering his plea.

Indeed, Davis's counsel conceded that the colloquy itself is unassailable. During the colloquy, Davis stated in open court that he was informed that he could face a potential sentence of over eight years in prison. Davis also denied that he was pleading guilty based on promises not reflected in the plea agreement. A defendant's "solemn declarations in open court carry a strong presumption of verity." *Rubalcaba*, 811 F.2d at 494.

---

[3]*Ortega-Ascanio* involved a defendant who was arguing changed circumstances based on an intervening change in the law. *Garcia* involved a defendant who claimed that he would not have pled guilty if he had known of evidence that was discovered after the time the plea was submitted.

Once a trial judge has fully complied with the requirements governing entry of the guilty plea, the "result should be more than ephemeral." *United States v. Rios-Ortiz*, 830 F.2d 1067, 1070 (9th Cir. 1987). Where, as here, a plea colloquy was thorough and comprehensive, a district court cannot be said to abuse its discretion when, following an evidentiary hearing, it concludes that a defendant was not actually prejudiced by relying on his attorney's wrong advice.

As the district court correctly applied the prevailing law of this circuit, established by *Signori* and *Rubalcaba*, when it required Davis to show that he had been prejudiced by his attorney's mischaracterization of the sentence, I would affirm this portion of the district court's decision.[4]

---

[4]I agree with the majority, however, as to Part B (The *Booker* Claim).