Nathan D. Leonardo, Esq., Leonardo & Roach, Tucson, AZ, for Defendant–Appellant.

**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Armando GARCIA–RICO, Defendant—Appellant.**

**No. 04–50137.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 19, 2005.

Decided Jan. 20, 2006.

Before: HUG, O'SCANNLAIN, and SILVERMAN, Circuit Judges.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Sherilyn Peace Garnett, Esq., Los Angeles, CA, for Plaintiff—Appellee.

Gary P. Burcham, San Diego, CA, for Defendant—Appellant.

* This disposition is not appropriate for publication and may not be cited to or by the courts

Before: HALL, O'SCANNLAIN, and PAEZ, Circuit Judges.

MEMORANDUM *

Armando Garcia–Rico appeals his conviction and sentence following his guilty plea for conspiracy to possess with intent to distribute a controlled substance, in violation of 21 U.S.C. § 846, and possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1). We affirm in part and grant a limited remand pursuant to *United States v. Ameline,* 409 F.3d 1073 (9th Cir.2005) (en banc).

*Rule 11*

Garcia–Rico argues that Rule 11 was violated because he never admitted, and the district court never advised him of, the quantity of drugs involved. However, Garcia–Rico cannot show that this error seriously affected the "fairness, integrity, or public reputation of judicial proceedings." *United States v. Cotton,* 535 U.S. 625, 631, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002) (citations and internal quotation marks omitted); *see also United States v. Valensia,* 299 F.3d 1068, 1070 (9th Cir. 2002); *United States v. Minore,* 292 F.3d 1109, 1117 (9th Cir.2002).

Next, Garcia–Rico argues that Rule 11 was violated because the district court failed to advise him of the applicability of the Sentencing Guidelines. Garcia–Rico cannot show that this was plain error because the error did not affect his substantial rights. *Cotton,* 535 U.S. at 631–32, 122 S.Ct. 1781.

of this circuit except as provided by 9th Cir. R. 36–3.

*Voluntariness of Guilty Plea*

■ Garcia–Rico argues that his guilty plea was not knowing and voluntary because he was not advised of, and did not admit to, the quantity of drugs involved. However, when Garcia–Rico pleaded guilty the district court explicitly outlined the applicable statutory maximum sentence and the mandatory minimum sentence. Nothing further is required. *See United States v. Toothman*, 137 F.3d 1393, 1399–1400 (9th Cir.1998).

*Motion to Withdraw Guilty Plea*

Garcia–Rico first argues that the district court erroneously denied his motion to withdraw his guilty plea because it made insufficient factual findings. Rule 11 does not require the district court to make specific findings on the record before deciding a motion to withdraw a guilty plea. We reject Garcia–Rico's argument.

Second, Garcia–Rico argues that the district court abused its discretion in denying his motion to withdraw his guilty plea. We disagree. The district court concluded that Garcia–Rico was fully advised of his constitutional rights during his plea colloquy and he was not coerced into pleading guilty. On the weight of the record, the district court found that Garcia–Rico failed to present a fair and just reason to withdraw his plea. There is nothing to indicate that this was an abuse of discretion.

*Sentencing*

■ Garcia–Rico argues that his sentence violates *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Garcia–Rico did not admit to a particular quantity of the controlled substance he pleaded guilty to possessing. The district court imposed a sentence greater than that authorized by Garcia–

Rico's guilty plea; however, that error did not affect Garcia–Rico's substantial rights because the evidence regarding the quantity of drugs was substantial. Garcia–Rico could not have "raise[d] a reasonable doubt as to whether he was responsible for" the quantity of drugs necessary to trigger the higher statutory maximum. *Minore*, 292 F.3d at 1123. However, because Garcia–Rico was sentenced under the now-defunct mandatory guidelines scheme, we remand pursuant to *Ameline*. *See United States v. Ameline*, 409 F.3d 1073 (9th Cir.2005) (en banc).[1]

**AFFIRMED in part and REMANDED in part.**

PAEZ, Circuit Judge, concurring in part and dissenting in part.

I respectfully dissent from the majority's conclusion that the district court did not abuse its discretion in denying Garcia–Rico's motion to withdraw his guilty plea. "A defendant may withdraw a guilty plea after its acceptance but before sentencing if the defendant shows a fair and just reason for requesting the withdrawal." *United States v. Garcia*, 401 F.3d 1008, 1011 (9th Cir.2005) (internal quotation omitted). We apply this standard liberally. *Id.* We recently held that an attorney's mischaracterization of, and a defendant's subsequent misunderstanding about, the sentence the defendant was likely to receive is sufficient to satisfy the "fair and just reason" standard. *United States v. Davis*, 428 F.3d 802, 805–808 (9th Cir. 2005).

"A district court abuses its discretion when it makes an error of law." *United States v. Ortega–Ascanio*, 376 F.3d 879, 883 (9th Cir.2004). The district court in Garcia–Rico's case did not have the benefit

---

1. We decline to address Garcia–Rico's argument that resentencing under the advisory Guidelines violates the Ex Post Facto and Due Process clauses. Consideration of this argument is premature.

of our recent decision in *Davis*. It is unclear from the district judge's comments on what grounds he denied Garcia–Rico's motion to withdraw his guilty plea. Garcia–Rico presented evidence that his attorney misinformed him about his likely sentence. The district court never made a finding that this evidence was not credible. Because *Davis* bears directly on Garcia–Rico's claim for relief, and because nothing in the record indicates that the district court applied the reasoning of *Davis* in denying Garcia–Rico's motion, I would remand this case to the district court for reconsideration of Garcia–Rico's motion to withdraw his guilty plea in light of *Davis*.