**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Earl Lester HIETT II, Defendant–**
**Appellant.**

**No. 06–30272.**

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 9, 2007 *.

Decided Feb. 13, 2007.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Lori Harper Suek, Esq., USBI—Office of the U.S. Attorney, Billings, MT, for Plaintiff–Appellee.

J. Mayo Ashley, Esq., Helena, MT, for Defendant–Appellant.

Before: BEEZER, GRABER, and PAEZ, Circuit Judges.

MEMORANDUM **

Earl Lester Hiett II, appeals the district court's denial of his motion to withdraw his

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

guilty plea. The parties are familiar with the facts, and we do not repeat them here.

The district court properly denied Hiett's motion. We review a district court's denial of a motion to withdraw a guilty plea for abuse of discretion. *United States v. Reyna–Tapia*, 328 F.3d 1114, 1117 (9th Cir.2003) (en banc). Prior to sentencing, the district court may in its "informed discretion" grant withdrawal of a guilty plea if the defendant shows a fair and just reason for withdrawal. *Id.; see also* Fed.R.Crim.P. 11(d)(2)(B).

■ The defendant has the burden of demonstrating a fair and just reason for withdrawal. *United States v. Jones*, 472 F.3d 1136, 1141 (9th Cir.2007). The standard is applied liberally. *Id.* Fair and just reasons include "inadequate Rule 11 plea colloquies, newly discovered evidence, intervening circumstances, or any other reason for withdrawing the plea that did not exist when the defendant entered his plea." *Id.* (internal quotation marks and citation omitted). A defendant moving for withdrawal based on the ineffective assistance of counsel must show "that the advice he received from counsel was not within the range of competence demanded of attorneys in criminal cases." *United States v. Jeronimo*, 398 F.3d 1149, 1155 (9th Cir.2005) (internal quotation marks and citation omitted). If defense counsel erroneously predicted the sentencing outcome, it must result in a gross mischaracterization to warrant withdrawal of the guilty plea. *See United States v. Davis*, 428 F.3d 802, 805 (9th Cir.2005).

The district court accurately noted that Hiett's arguments regarding the firearm charge, the government's offer of proof, and counsel's preparation of a defense were belied by Hiett's own testimony at the plea hearing. *See Blackledge v. Allison*, 431 U.S. 63, 74, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977) ("Solemn declarations in open court carry a strong presumption of verity."). Hiett was also adequately warned that he faced consecutive, five-year mandatory minimum sentences on the two counts with which he was charged.

■ The alleged misadvice from Hiett's counsel regarding a potential sentence was not a gross mischaracterization. *See Doganiere v. United States*, 914 F.2d 165, 168 (9th Cir.1990). As to Hiett's double jeopardy argument, he ignores the well-established principle that "a federal prosecution is not barred by a prior state prosecution of the same person for the same acts." *Abbate v. United States*, 359 U.S. 187, 194, 79 S.Ct. 666, 3 L.Ed.2d 729 (1959).

The district court did not abuse its discretion in determining that Hiett failed to show a fair and just reason for withdrawing his plea.

**AFFIRMED.**