**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Lawrence Eugene MITCHELL,
Jr., Defendant–Appellant.**

No. 05–50867.

United States Court of Appeals,
Ninth Circuit.

Submitted June 5, 2007.*

Filed June 15, 2007.

Becky S. Walker, Esq., Brian D. Hershman, Esq., Daniel D. Rubinstein, Esq., Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Lawrence Eugene Mitchell, Jr., Lompoc, CA, pro se.

Gary P. Burcham, Esq., San Diego, CA, for Defendant–Appellant.

Appeal from the United States District Court for the Central District of California, A. Howard Matz, District Judge, Presiding. D.C. No. CR–03–00919–AHM.

Before: LEAVY, RYMER, and T.G. NELSON, Circuit Judges.

MEMORANDUM **

Lawrence Eugene Mitchell, Jr. appeals from his conviction for fraud involving aircraft parts in interstate or foreign commerce, and causing an act to be done, in violation of 18 U.S.C. §§ 2(b), 38(a)(1)(A), and 38(b)(4). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Mitchell contends that the record is sufficiently developed to review his ineffective assistance of counsel claim on direct appeal. In light of the declarations filed by trial counsel in connection with Mitchell's prior 28 U.S.C. § 2255 motion, we agree that the record is sufficient to review Mitchell's claim. *See United States v. Oplinger,* 150 F.3d 1061, 1071 (9th Cir. 1998).

Mitchell contends that his trial counsel was ineffective when he advised Mitchell that he could not withdraw his plea prior to sentencing on the ground that the applicable Guidelines range was significantly greater than Mitchell had expected. However, "[a] defendant cannot withdraw his plea because he realizes that his sentence will be higher than he expected." *See United States v. Nostratis,* 321 F.3d 1206, 1211 (9th Cir.2003); *cf. United States v. Davis,* 428 F.3d 802, 807–08 (9th Cir.2005). Therefore, counsel was not ineffective in advising Mitchell that he could not withdraw his plea. *See Oplinger,* 150 F.3d at 1071.

Mitchell also seeks a remand pursuant to *United States v. Ameline,* 409 F.3d 1073, 1084–85 (9th Cir.2005) (en banc). However, in light of the valid appeal waiver, Mitchell is not eligible for a remand under *Ameline.* *See United States v. Cardenas,* 405 F.3d 1046, 1048 (9th Cir. 2005) (holding that *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), did not render an appeal waiver involuntary or unknowing).

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.