UNITED STATES of America,
Plaintiff—Appellee,

v.

Tigran PETROSYAN, Defendant—
Appellant.

United States of America,
Plaintiff—Appellee,

v.

Artur Melikyan, Defendant—Appellant.

Nos. 06–50393, 06–50454.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 18, 2007.*

Filed Oct. 30, 2007.

Michael J. Raphael, Esq., Scott M. Garringer, Esq., USLA–Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Robert J. Waters, Esq., Robert J. Waters, Esq., Nasatir Hirsch Podberesky & Genego, Santa Monica, CA, for Defendant–Appellant.

Before: PREGERSON, HAWKINS, and FISHER, Circuit Judges.

MEMORANDUM **

After pleading guilty to mail fraud, conspiracy to commit mail fraud, money laun-

---

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

dering, and conspiracy to commit money laundering, Tigran Petrosyan ("Petrosyan") appealed, contending that the district court abused its discretion in refusing to permit him to withdraw his guilty plea and erred in its sentence and restitution order. His co-defendant Artur Melikyan ("Melikyan") appealed the district court's restitution order, arguing that the court abused its discretion in holding him jointly and severally liable for the full restitution order rather than apportioning the loss among the co-defendants, and that the court was required to make specific findings of fact in issuing the restitution order. We affirm both judgments.

*Petrosyan*

■ Petrosyan failed to demonstrate a "fair and just" reason for withdrawal of his guilty plea, Fed.R.Crim.P. 11(d)(2)(B); *United States v. Davis,* 428 F.3d 802, 805 (9th Cir.2005), such as "newly discovered evidence, intervening circumstances, or any other reason for withdrawing the plea that did not exist when the defendant entered his plea." *United States v. Ortega–Ascanio,* 376 F.3d 879, 883 (9th Cir.2004).

The reasons offered by Petrosyan—that he was told he faced sixty-five years imprisonment when in reality he faced fifty years imprisonment, and that his counsel failed to explain the strategic consequences of the plea[1]—do not constitute either new evidence, intervening circumstances, or a "gross mischaracterization" as to his possible sentence that would merit withdrawal. *Davis,* 428 F.3d at 805.

We lack jurisdiction to consider Petrosyan's challenges to his sentence and restitution order. Petrosyan waived his right to appeal his sentence and restitution order in his plea agreement, and that waiver

is binding. The district court's suggestion that Petrosyan might be permitted to appeal his sentence did not extinguish this waiver because Petrosyan was "made aware by both the court and the prosecutor's objection that the waiver of his right to appeal could preclude an appeal." *United States v. Schuman,* 127 F.3d 815, 817 (9th Cir.1997).

*Melikyan*

■ The district court did not abuse its discretion in issuing Melikyan's restitution order. *See Rabkin v. Oregon Health Sciences Univ.,* 350 F.3d 967, 977 (9th Cir. 2003) (restitution order overturned only if based on an error of law or "clearly against the logic and effect of the facts as are found"). Although district courts may apportion liability among defendants, the courts also have statutory authority to hold defendants jointly and severally liable for the total amount of loss. *See* 18 U.S.C. § 3664(h); *United States v. Booth,* 309 F.3d 566, 576 (9th Cir.2002) (explaining the court has discretion to apportion the amount of loss but is not required to do so). Here, the district court held Melikyan jointly and severally liable for the full amount of loss caused by the out-of-state scheme. In doing so, it "gave thought to the relevant information," including the evidence presented in the presentence report and both parties' sentencing positions. *United States v. Mills,* 991 F.2d 609, 611 (9th Cir.1993). No further fact-finding or reasoning on the record was required. *See id.*; 18 U.S.C. § 3664.

Both judgments (Nos. 06–50393 and 06–50454) are therefore **AFFIRMED.**

---

1. Specifically, Petrosyan argued that he should have been informed that the plea agreement did not provide him with any greater benefit than a "straight up" plea and that the plea agreement was strategically disadvantageous because its statement of facts included "surplusage."