MEMORANDUM **
Devonne Michael Lee appeals the district court’s denial of his pre-sentencing motion to withdraw his guilty plea to conspiracy to distribute more than fifty grams of cocaine base and to possession of a firearm in furtherance of drug trafficking, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A), and 18 U.S.C. § 924(c), respectively. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
The district court correctly concluded that Lee failed to demonstrate a fair and just reason for requesting withdrawal of his guilty plea. See Fed.R.Crim.P. 11(d)(2)(B); United States v. Ortega-Ascanio, 376 F.3d 879, 883 (9th Cir.2004). Lee’s reliance on United States v. Davis, 428 F.3d 802 (9th Cir.2005), is misplaced. Although we held in Davis that “a defense counsel’s erroneous advice may warrant withdrawing a plea even if the defendant does not prove that he would not have pleaded guilty but for the erroneous advice,” id. at 807, this does not imply that any erroneous advice from counsel automatically constitutes a “fair and just” reason for withdrawal under Rule 11(d)(2)(B). Indeed, Davis does not overrule the well-established principle that an “erroneous prediction by a defense attorney concerning sentencing does not entitle a defendant to challenge his guilty plea.” United States v. Garcia, 909 F.2d 1346, 1348 (9th Cir.1990); see also, e.g., Shah v. United States, 878 F.2d 1156, 1162 (9th Cir.1989). Davis merely held that “a defendant may demonstrate a fair and just reason for plea withdrawal by showing that his counsel’s gross mischaracterization plausibly could have motivated his decision to plead guilty.” 428 F.3d at 808. Because the district court found that Lee failed to demonstrate even an “erroneous prediction” by his counsel, let alone a “gross mischaracterization,” Davis affords Lee no ground for relief.
Moreover, the district court did not deny Lee’s motion out of an unduly narrow view of its discretion, but on the basis of its *566 findings that “Lee’s guilty plea was knowingly, intelligently, and voluntarily made;” that “Lee was well aware of the mandatory minimum sentences involved in pleading guilty;” and that the actions of Lee’s counsel “fell within the range of professional competence expected of attorneys in criminal cases.” Because the district court did not misconstrue its authority, misstate applicable law, or rely on clearly erroneous findings of fact in reaching these conclusions, we find no abuse of discretion in its denial of Lee’s motion. See Davis, 428 F.3d at 805; United States v. Nostratis, 321 F.3d 1206, 1208 (9th Cir.2003).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.