NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-30305 |
| Plaintiff - Appellee, | D.C. No. 2:07-cr-00286-EJL-1 |
| v. | |
| CANDACE JUNE ELMER, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Submitted September 2, 2010[**]
Seattle, Washington

Before: HAWKINS, McKEOWN and BEA, Circuit Judges.

Candace Elmer ("Elmer") appeals from the district court's decision denying her

motion to withdraw her guilty plea. We affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

Under Federal Rule of Criminal Procedure 11(d)(2)(B), a defendant may withdraw a guilty plea before sentencing upon a showing of a "fair and just" reason for the withdrawal. The burden of establishing that withdrawal is warranted lies with the defendant. *United States v. Davis*, 428 F.3d 802, 805 (9th Cir. 2005).

Elmer's motion to withdraw alleged: (1) her counsel had failed adequately to explain the plea to her; (2) her plea was not knowing and voluntary because she was pressured by counsel to accept the plea and because she was on heavy medications at the time; and (3) she had asserted her innocence to the court during the colloquy, acknowledging only that she had not supervised her employees enough. Elmer further argued there would be no serious prejudice to the government if she were permitted to withdraw her plea.

Elmer's claim that her plea was not knowing and voluntary is contradicted by the record of the plea colloquy itself. The transcript reflects she understood the charges against her and the consequences of her plea, was able to respond appropriately to questions by the court, and was able to voice any concerns she had during the hearing. Elmer herself stated during the hearing that, although she was on medications, they did not affect her mental processes or her ability to understand the proceedings. *See United States v. Kazcynski*, 239 F.3d 1108, 1114-15 (9th Cir. 2001) ("substantial weight" must be given to in-court statements made by defendant).

2

Similarly, Elmer's allegations that counsel failed adequately to explain the plea agreement to her or pressured her to take the plea are belied by the record. She does not dispute that counsel spent several hours discussing the plea with her the day before she signed the agreement; her complaint is that she did not at that time have a written document to review. Yet, Elmer does not identify how the written agreement differed from her verbal discussion with counsel, other than a disagreement about the restitution amount, that was noted in open court; that amount was eventually deleted from the agreement altogether. Moreover, the court allowed Elmer two recesses to have further discussions with counsel, after which she told the court she understood the terms and wanted to go forward with the plea.

Even assuming counsel did not adequately discuss the plea with her prior to the hearing or that new issues arose, the record indicates Elmer was ultimately satisfied based on the additional discussions that occurred during the hearing itself. In addition, Elmer made no mention of being pressured to plead guilty, and instead told the court she had been treated fairly and that she was happy with her representation. "Statements made by a defendant during a guilty plea hearing carry a strong presumption of veracity in subsequent proceedings attacking the plea." *United States v. Ross*, 511 F.3d 1233, 1236 (9th Cir. 2008).

3

Elmer's most serious allegation is her claim that counsel told her she could "amend" the plea agreement. But Elmer's unsworn declaration does not specify how this advice affected her decision to plea (this statement appears to have been made after she had already signed the agreement) or what she believed required amendment in the plea agreement.[1] Elmer must at least show that the alleged erroneous advice "plausibly could have motivated [her] decision to plead guilty." *Davis*, 428 F.3d at 808 (emphasis omitted). Elmer's failure to specify what she believed could or needed to be amended in the plea agreement makes it impossible to determine whether this plausibly affected her plea decision, and Elmer has not borne her burden of demonstrating a fair and just reason for withdrawing the plea.

Elmer also claims she "maintained her innocence even during the plea" because when the court asked her to describe what she had done, she responded she had not sufficiently supervised the organization or its employees. However, when specifically asked whether any portion of the factual basis set forth in the plea agreement was untrue, she said it was "partially not true," and identified only the portions regarding her husband's role in the offense as untrue, and also noted her dispute regarding the restitution amount. These disputes go the scope of the crime and

---

[1] We note that the agreement was, in fact, amended after she signed it to delete the disputed restitution amount and reserve that issue for sentencing.

4

the loss amount, but not to factual or legal innocence. Moreover, Elmer's claim of innocence does not reveal any new information or testimony which did not exist at the time of her plea. *Cf. United States v. Garcia*, 401 F.3d 1008, 1011-12 (9th Cir. 2005) (permitting withdrawal where new evidence became available which could have plausibly motivated a person to proceed to trial rather than plead); *see also United States v. Ortega-Ascanio*, 376 F.3d 879, 883 (9th Cir. 2004) (noting that fair and just reason may be an inadequate plea colloquy or any other reason "that did not exist when the defendant entered his plea").

The district court did not abuse its discretion by determining Elmer did not establish a "fair and just" reason to withdraw her plea.

**AFFIRMED**.