**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 19 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-30206 |
| Plaintiff - Appellee, | D.C. No. CR-09-0133-FVS |
| v. | |
| JUAN VARGAS PIEDRA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Fred L. Van Sickle, Senior District Judge, Presiding

Submitted April 15, 2011[**]
Seattle, Washington

Before: KLEINFELD, TASHIMA, and SILVERMAN, Circuit Judges.

Juan Vargas Piedra ("Piedra") appeals the district court's denial of his

motion to withdraw his plea of guilty to charges of conspiracy to manufacture

1,000 or more marijuana plants (21 U.S.C. § 846) and destruction of government

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2)(C).

property (18 U.S.C. § 1361).  Piedra moved to withdraw his guilty plea at the outset of a three-day sentencing hearing at which the government introduced evidence that he had not "truthfully provided to the Government all information and evidence" that he had regarding the offenses, making him ineligible for safety valve relief – to be sentenced without regard to the statutory minimum – under 18 U.S.C. § 3553(f)(5).

"We review the denial of a motion to withdraw a plea for abuse of discretion."  United States v. Mayweather, 634 F.3d. 498, 504 (9th Cir. 2010) (citation omitted).  After the court accepts a guilty plea, but before it imposes sentence, a defendant may withdraw the plea if "the defendant can show a fair and just reason for requesting the withdrawal."  Fed. R. Crim. P. 11(d)(2)(B).  While this standard "is applied liberally," the defendant has the burden to show a fair and just reason for withdrawal of the plea.  United States v. Ortega-Ascanio, 376 F.3d 879, 883 (9th Cir. 2004).  "[E]ach case must be reviewed in the context in which the motion arose to determine whether, ultimately, a 'fair and just' reason exists."  United States v. McTiernan, 546 F.3d 1160, 1167 (9th Cir. 2008).  "In this Circuit, '[f]air and just reasons for withdrawal include inadequate Rule 11 plea colloquies, newly discovered evidence, intervening circumstances, or any other reason for withdrawing the plea that did not exist when the defendant entered his plea.'"  Id.

2

(emphasis removed) (quoting *United States v. Davis*, 428 F.3d 803, 805 (9th Cir. 2005)).

Piedra argues that his motion to withdraw his guilty plea should have been granted "because surprise belated disclosure of discovery sabotaged the appellant's chance at the safety valve." He contends that the evidence introduced by the government to demonstrate that he had not been truthful in his safety valve interview constitutes newly discovered evidence and that the government's opposition to his being sentenced pursuant to the safety valve constitutes a reason for withdrawing the plea that did not exist when the defendant entered his plea.

Except in "exceptional circumstances," United States v. Briggs, 623 F.3d 724, 729, (9th Cir. 2010), however, "[a] defendant cannot withdraw his plea because he realizes that his sentence will be higher than he had expected." United States v. Nostratis, 321 F.3d 1206, 1211 (9th Cir. 2003). Such exceptional circumstances do not exist here.

This court has made clear that the safety valve is for defendants who make "a good-faith effort to cooperate with the government." United States v. Mejia-Pimental, 477 F.3d 1100, 1101-02 (9th Cir. 2007) (internal quotation marks omitted). Good faith in this context is not a high bar: "as long as the defendant

3

provides truthful, complete information before sentencing, previous lies and omissions will not render him ineligible for the safety valve." Id. at 1105.

In this case, the government introduced new evidence only after the defendant failed to "truthfully provide[] to the Government all information and evidence [he] ha[d] concerning the offense or offenses that were part of the same course of conduct . . . ." 18 U.S.C. § 3553(f)(5). To the extent that this evidence demonstrated anything beyond the fact that Piedra was untruthful at his safety valve interview, it demonstrated that he was more culpable than evidence produced earlier in the case had demonstrated. Consequently, the only change in circumstances after Piedra's guilty plea was a foreseeable result of the defendant's own conduct, and the only new evidence was not "relevant evidence in [Piedra]'s favor that could have at least plausibly motivated a reasonable person in [Piedra]'s position not to have pled guilty . . . ." United States v. Garcia, 401 F.3d 1008, 1011-12 (9th Cir. 2005). Accordingly, the district court did not abuse its discretion when it denied Piedra's motion to withdraw his guilty plea.

The judgment of the district court is

**AFFIRMED.**

4