**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50373 |
| Plaintiff - Appellee, | D.C. No. 2:07-cr-00455-DDP-1 |
| v. | |
| RICHARD A. MAIZE, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Argued and Submitted December 6, 2012
Pasadena, California

Before: FISHER, BERZON, and NGUYEN, Circuit Judges.

Richard Maize appeals his conviction for conspiracy to commit bank fraud

and loan fraud, 18 U.S.C. § 371, bank fraud, 18 U.S.C. § 1344(1), and making a

false statement on a tax return, 26 U.S.C. § 7206(1). He contends that the district

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

court erred by denying his motion to withdraw his guilty plea. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court did not abuse its discretion in determining that Maize's proffered reasons for withdrawing his plea were not—individually or collectively—fair and just. An attorney's "erroneous sentencing prediction . . . does not entitle a defendant to withdraw his guilty plea," *United States v. Oliveros-Orosco*, 942 F.2d 644, 646 (9th Cir. 1991) (citing *United States v. Garcia*, 909 F.2d 1346, 1348 (9th Cir. 1990)), other than in "exceptional circumstances" where counsel "grossly mischaracterized" the possible sentence. *United States v. Briggs*, 623 F.3d 724, 728–29 (9th Cir. 2010) (citing *United States v. Davis*, 428 F.3d 802, 805–08 (9th Cir. 2005)) (internal quotation marks omitted). The district court's finding that Maize received "good, competent and sound advice" about his sentencing exposure under various scenarios is supported by the record. Maize's counsel did not make a prediction about a likely sentence but rather identified the applicable sentencing guidelines ranges.

Maize's "newly discovered" evidence could not "plausibly . . . have motivated a reasonable person in the defendant's position to not plead guilty had he known about the evidence before pleading." *United States v. Showalter*, 569 F.3d 1150, 1157 (9th Cir. 2009) (citing *United States v. Garcia*, 401 F.3d 1008,

2

1011–12 (9th Cir. 2005)). This evidence had no bearing on Maize's conviction for tax fraud, which concerned his failure to report income, however obtained. Even with respect to the conspiracy and bank fraud counts, the newly discovered evidence at most corroborated what Maize already knew: that he did not realize the full extent of the appraisal inflation. A defendant's "belief that the government had a weaker case than he originally thought does not constitute a fair and just reason to withdraw his guilty plea." *Id*. at 1156.

Moreover, the newly discovered evidence does not call into question Maize's knowledge about the appraisal inflation and other material falsehoods, such as the false verifications of deposit and straw buyers. Although Maize now claims that he does not believe these falsehoods to be material, the district court "could reasonably have chosen to credit [his] declarations made in open court while under oath during the Rule 11 hearing over his subsequent testimony more than two years later, especially since [he] knew his likely sentence at that time." *United States v. Nostratis*, 321 F.3d 1206, 1210 (9th Cir. 2003).

Maize knew of the "newly discovered" evidence for approximately two years before moving to set aside his plea. In finding that Maize had failed to present a fair and just reason, the district court appropriately considered this delay. *See id*. at 1211. Although a defendant's motive to avoid a custodial sentence in

3

seeking to withdraw his guilty plea does not foreclose relief if there is nonetheless a fair and just reason for it, *United States v. McTiernan*, 546 F.3d 1160, 1168 (9th Cir. 2008), no such reason is evident here.

**AFFIRMED.**