FILED



MAR 20 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-30005 |
| Plaintiff - Appellee, | D.C. No. 1:13-cr-00045-SPW-1 |
| v. | |
| WILLIE ANTOINE REDD, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Submitted March 6, 2015[**]
Portland, Oregon

Before: PAEZ and IKUTA, Circuit Judges and SELNA,[***] District Judge.

Willie Antoine Redd appeals the district court's denial of his motion to

withdraw his guilty plea. Redd argues that he provided fair and just reasons,

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable James V. Selna, District Judge for the U.S. District Court for the Central District of California, sitting by designation.

namely improper legal advice and new evidence, for withdrawing his guilty plea under Federal Rule of Criminal Procedure 11(d)(2)(B).

**1.** We review the district court's denial of a motion to withdraw a guilty plea for abuse of discretion. *United States v. Briggs*, 623 F.3d 724, 727 (9th Cir. 2010). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

**2.** The district court did not abuse its discretion in rejecting Redd's claim that his former attorney improperly advised him on the merits of a potential suppression motion. A defendant may change his plea on the basis that his attorney "grossly mischaracterized" his sentence, *United States v. Davis*, 428 F.3d 802, 805 (9th Cir. 2005), or failed to inform him of a potential suppression motion, *United States v. McTiernan*, 546 F.3d 1160, 1167-68 (9th Cir. 2008). Here, the district court considered testimony from both Redd and the former attorney, weighed the evidence, and fully credited the former attorney's statement that he discussed a motion to suppress evidence with Redd and advised him that such a motion lacked merit, and that Redd nevertheless decided to plead guilty. Having resolved all factual disputes regarding the former attorney's representation, the district court did not abuse its discretion in concluding that Redd's allegation that he received improper legal advice, which the district court found to be untrue, was not a fair and just reason for permitting Redd to withdraw his guilty plea.

2

**3.** Nor did the district court abuse its discretion in rejecting Redd's argument that he should be permitted to withdraw his guilty plea on the basis of newly discovered evidence. Redd argues that evidence from a related municipal court case was withheld from the discovery in his federal case and that this evidence could have been used in a suppression hearing or at trial. This argument fails because withdrawal of a guilty plea is proper only when the defendant presents reasons "'*that did not exist when [he] entered his plea*,'" and Redd knew about and had access to the municipal court discovery prior to pleading guilty. *See United States v. Mayweather*, 634 F.3d 498, 506 (9th Cir. 2010) (quoting *McTiernan*, 546 F.3d at 1167) (emphasis in the original).

**4.** Finally, Redd's argument that a letter submitted by his girlfriend supported withdrawal of his guilty plea also fails because the letter was not pertinent to the offense charged. *See* 18 U.S.C. § 922(g)(1). The district court did not abuse its discretion in concluding that a reasonable person in Redd's position would not have been motivated to reject a guilty plea had he known about the contents of the letter. *See United States v. Garcia*, 401 F.3d 1008, 1011-12 (9th Cir. 2005).

**AFFIRMED.**

3