
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-30080 |
| Plaintiff - Appellee, | D.C. No. 3:10-cr-00482-JO-1 |
| v. | |
| ARCHIE CABELLO, AKA Archibaldo Cabello, AKA Archie Cabello, Jr., AKA Archie P. Cabello, AKA Arquimedes Cabello, AKA Archie Palumbo, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Robert E. Jones, Senior District Judge, Presiding

Argued and Submitted March 2, 2015
Portland Oregon

Before: PAEZ and IKUTA, Circuit Judges and TIGAR,** District Judge.

Appellant Archie Cabello appeals his convictions of conspiracy to defraud

the United States; possession of stolen bank funds; making false statements on

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Jon S. Tigar, District Judge for the U.S. District Court for the Northern District of California, sitting by designation.

credit applications; making and subscribing a false income tax return; and money laundering conspiracy. He claims that he did not validly waive his right to counsel and that the district court erred in denying his motions to withdraw his guilty plea. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Cabello's waiver of his right to counsel was knowing and intelligent. *See Faretta v. California*, 422 U.S. 806, 835 (1975). Although the district court's September 17, 2012, *Faretta* hearing was not comprehensive, the record demonstrates that by the time Cabello waived his right to counsel on November 15, 2012, after pleading guilty, he understood "1) the nature of the charges against him, 2) the possible penalties, and 3) the dangers and disadvantages of self-representation." *United States v. Forrester*, 512 F.3d 500, 506 (9th Cir. 2007) (quoting *United States v. Erskine*, 355 F.3d 1161, 1167 (9th Cir. 2004) (internal quotation marks omitted); *see also United States v. Balough*, 820 F.2d 1485, 1488 (9th Cir. 1987); *Arrendondo v. Neven*, 763 F.3d 1122, 1132 (9th Cir. 2014). The district court had discussed each of these elements in open court, and Cabello had also filed a lengthy handwritten motion, in which he recited the charges against him and described the requirements for the government to prove a conspiracy.

The district court did not abuse its discretion in denying Cabello's motions to withdraw his guilty plea. *See United States v. Ensminger*, 567 F.3d 587, 590

2

(9th Cir. 2009). Cabello argued before the district court that he should be permitted to withdraw his plea because he was not guilty of the charges; because the plea "resulted from confusion, duress and the lack of competent counsel;" and because he believed at the time of his plea that he was only pleading guilty to counts 1 and 51 of the indictment. Cabello abandons those arguments here, and provides no basis for us to conclude that the district court did not exercise its discretion appropriately. *See United States v. Davis*, 428 F.3d 802, 805 (9th Cir. 2005) ("[t]he defendant has the burden of demonstrating a fair and just reason for withdrawal of a plea").

Cabello now argues for the first time that the district court should have permitted him to withdraw his plea because it lacked an adequate factual basis, as required under Rule 11. *See* FED. R. CRIM. P. 11(b)(3); *United States v. Jones*, 472 F.3d 1136, 1141 (9th Cir. 2007). Because Cabello did not raise this argument in the district court, we review the district court's ruling for plain error. *United States v. Collins*, 684 F.3d 873, 881 (9th Cir. 2012). The record demonstrates that there was no plain error in the district court's Rule 11 plea colloquy because there was an adequate factual basis for each count at the time that Cabello pleaded guilty. Even assuming that there were a Rule 11 error, we reverse "only if it affected the defendant's substantial rights." *United States v. Monzon*, 429 F.3d 1268, 1271 (9th

3

Cir. 2005). Here, "look[ing] to the entire record and not to the plea proceedings alone," and considering in particular the inculpatory testimony of Cabello's wife and son, it is clear that there was a factual basis for Cabello's plea. *Id.*; *see also United States v. Dominguez Benitez*, 542 U.S. 74, 80 (2004). Therefore, any Rule 11(b)(3) error did not affect Cabello's substantial rights and does not warrant vacatur of his convictions.

**AFFIRMED.**